[PHILADELPHIA, APRIL 29th, 1837.]

## ARROTT *against* PRATT.

1. Under the act of the 27th of February, 1798, a party will be allowed the inspection of a document wherever he has a common interest in it, *without regard to the right of custody*, and at a convenient period before the trial.

2. In an action to recover certain money alleged to have been received by the defendant to the use of the plaintiff, being the proceeds of sale in a foreign port, of the goods on board of a certain vessel, part of which goods were owned by the plaintiff, and part by the defendant; the Court made an order that the plaintiff permit the defendant, on reasonable notice, to inspect a certain paper, being the account-sales of the goods on board the vessel, which had been obtained by the plaintiff *from a third person; and to have a copy of it made at his (the defendant's)* charge, by a person designated by the plaintiff.

AN action on the case was brought in this court to July term, 1836, by James Arrott against Henry Pratt; and at this term a rule was obtained on the part of the defendant, to show cause why an order should not be made on the plaintiff to produce certain papers for the inspection of the defendant.

Affidavits were read in support of and opposition to the motion; from which it appeared that the plaintiff claimed to recover certain money alleged to have been received by the defendant to his use, under the following circumstances. In the year 1811, a vessel called the Superior, belonging to the firm of Pratt & Kintzing, of which the defendant was the surviving partner, sailed from the port of Philadelphia for St. Petersburgh, in Russia. On her return voyage, with a cargo, part of which belonged to the plaintiff, but the principal part of it to Pratt & Kintzing, she was wrecked on the coast of Norway. Part of the cargo was saved, and placed in the hands of the American consul, Mr. Isaacson, by whom it was sold. The proceeds were received by him, and he rendered an account of the sales and disbursements. A short time before the institution of this suit, the plaintiff called upon the defendant for payment of his proportion of the proceeds. Search was made among the papers of the firm for the account of Isaacson without success; and after some time it was found by the plaintiff among the papers of Mr. John Donaldson, deceased, who was in his lifetime, in extensive business as a ship-broker. The affidavits on the part of the defendant, alleged that the paper was essential to the defence, and that no duplicate of it could be found among his papers or those of the late firm of Pratt & Kintzing.

(Arrott *v.* Pratt.)

Upon these facts, Mr. *Scott,* and Mr. *J. S. Smith,* contended that they were entitled to an inspection and a copy of the account-sales, previously to the trial, to enable them to prepare for the defence. The paper was the common property of all the shippers; and the act of 1798, does not expressly confine the power to the production of papers at the time of trial; at all events, there is a common-law power which has often been exercised.    They cited *Rose* v. *King,* (5 *Serg. & Rawle,* 244.)    *Wright* v. *Crane,* (13 *Serg. & Rawle,* 447.) *Worman* v. *Boyer,* (14 *Serg. & Rawle,* 212.)    *Cowles* v. *Cowles,* (2 *Penn. Rep.* 139.)    *Clifford* v. *Taylor,* (1 *Taunt.* 167.)    *Blakey* v. *Porter,* (*Id.* 386); 1 *Campbell, N. P.* 562.

Mr. *Chester,* and Mr. *Sergeant, contra.*

PER CURIAM.—It is not intended to define the cases in which a party may be entitled by the statute to call for the inspection of a document; but it may be asserted that he will be entitled, without regard to the right of custody, whenever he has a common interest in it.    The document required, is the account of sales by the common agent of the shippers, who sold the cargo of the Superior for the benefit of the concerned; and it is equally the property of all of them.    It is therefore unnecessary to inquire how it came to the plaintiffs' hands: he has it, and that is enough for the purposes of the decision.    In *Rose* v. *King,* the time of inspection was not fixed; but justice and the purposes of preparation require it to be at a convenient period before the trial.    It is ordered therefore that the plaintiff, on reasonable notice had, permit the defendant to inspect the paper in his presence; or, if required, to have a copy of it made, at his own charge, by a person designated by the plaintiff; and that the paper be received in evidence at the trial, without further authentication.

Order accordingly.