## Crennell *v.* Fulton, Appellant.

*Equity—Jurisdiction—Accounting—Complications of accounts
—Principal and agent—Net profits—Referees—Findings of
referees.*

1. Equity will take jurisdiction on the ground of account, not-
withstanding that the accounting involved is on one side only, if
it is so complicated as seriously to embarrass the remedy at law,
and in cases where discovery is needed and sought, or where ascer-
tainment of the amount due involves the examination of the whole
business of the defendant; and this is particularly true where it
is apparent that a relation of trust and confidence existed between
the plaintiff and defendant.

2. A bill in equity alleging that defendant agreed with plaintiff
in writing that if plaintiff would employ his whole time in securing
options on coal properties, and in examining coal properties and re-
porting thereon to defendant, defendant would pay plaintiff's ex-
penses, while so engaged, as well as definite sums per acre on cer-
tain blocks of coal land and half the net profits on other coal
properties to be handled and sold by defendant; that plaintiff de-
voted eighteen months to securing such options, and secured a
very large number, but defendant refused to pay the commissions
or account for the profits owing plaintiff, and praying that defend-
ant be compelled to account therefor, is not demurrable for want of
jurisdiction in equity, and a decree confirming the report of the
referee that plaintiff was entitled to the relief sought, where there
was competent evidence to support it, will be affirmed.

*Practice, Supreme Court—Assignments of error—Defective as-
signments.*

3. Where in an equity proceeding a petition to vacate the ap-
pointment of a referee was denied by the court, and such action of
the court was assigned as error, but the assignment contained no
copy of the petition, and did not state the reasons for which the ap-
plication was made, the Supreme Court will not review the action of
the court below, as the question was discretionary with that court,
and there was nothing to show that it had abused its discretion.

*Equity practice—Equity rules—Referee's reports—Time of fil-
ing.*

4. Where in such case the referee filed his report more than ten
days after the hearing on exceptions thereto, in violation of Equity

Rule 69, and the court struck off the report, and the referee then notified counsel that his report was ready, and exceptions thereto were duly filed, and the referee then filed his second report in accordance with the rules, the court did not err in refusing to strike off the second report; the requirement that reports of referees shall be filed within ten days after the hearing on exceptions, is intended to expedite, not to delay, justice. The equity rules are subject to the discretion of a chancellor, and their strict enforcement under circumstances productive of hardship is not required.

Argued May 12, 1913. Appeal, No. 337, Jan. T., 1912, by defendant, from decree of C. P. Fayette Co., No. 413, in Equity, for plaintiff, on bill in equity for an accounting in case of William Crennell, Jr., v. Elwood D. Fulton. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an accounting. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

The defendant demurred to the bill for want of jurisdiction in equity, and the demurrer was overruled. The case was then referred to a referee, whose appointment on motion the court subsequently refused to vacate. The referee found that plaintiff was entitled to the accounting. Exceptions to the referee's report were dismissed by the court. Defendant appealed.

*Errors assigned* were in overruling the demurrer, in refusing to vacate the appointment of the referee, and in dismissing the exceptions.

*H. S. Dumbauld* and *W. E. Haymond,* for appellant. —Equity has no jurisdiction in this case; the remedy, if any, is at law: Ryder v. Jacobs, 182 Pa. 624; Drape v. Coleman, 233 Pa. 585; Kemmler v. McGovern, 238 Pa. 460; Grubb's App., 90 Pa. 228; Sprigg v. Title Ins. & Trust Co., 206 Pa. 548; Holland v. Hallahan, 211 Pa. 223; Graham v. Cummings, 208 Pa. 516; Passyunk Bldg.

Assn's. App., 83 Pa. 441; Pittsburgh & Connellsville R. R. Co.'s App., 99 Pa. 177; Keystone Electric Light, Heat & Power Co. v. Peoples' Light, Heat and Power Company, 200 Pa. 366; O'Neil v. McKeesport, 201 Pa. 386; Baltimore Life Insurance Company v. Gleisner, 202 Pa. 386; Stewart Wire Co. v. Lehigh Coal & Navigation Co., 203 Pa. 474; Owens v. Goldie, 213 Pa. 579; Kauffman's App., 55 Pa. 383.

*H. L. Robinson*, of *Robinson & M'Kean*, for appellee. —The accounts are sufficiently complicated to give a court of equity jurisdiction: Brush Electric Co.'s App., 114 Pa. 574; Johnston v. Price, 172 Pa. 427; Conemaugh Gas Co. v. Gas Co., 186 Pa. 443; Boyd v. Carbon Black Co., 182 Pa. 206; Holland v. Hallahan, 211 Pa. 223; Sweigart v. Lowmarter, 14 S. & R. 200; Volmar v. McCauley, 7 Philadelphia 382; Metz v. Farnham, 8 Philadelphia 267; Collyer v. Collyer, 38 Pa. 257; Neel's App., 3 Penny. 66; Long v. Perdue, 83 Pa. 214; Walsh v. McKeen, 75 Cal. 519 (17 Pac. Repr. 673); Hagar v. Whitmore, 82 Me. 248 (19 Atl. Repr. 444); Tyler v. Willis, 35 Barb. 213; Stark v. Pierce City Real Estate Co., 97 Mo. 449 (10 S. W. Repr. 877).

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

This was a bill in equity filed to secure an accounting. In the bill as amended it is averred that plaintiff and defendant on March 22, 1901, entered into a written agreement by which it was provided that in consideration of plaintiff devoting his time to securing coal options in West Virginia or elsewhere, and examining coal properties and reporting upon the same for the benefit of defendant and his associates, defendant was to furnish the money necessary to defray plaintiff's expenses while so engaged, and that his compensation was to be fifty cents per acre upon a certain block of coal lands, and one dollar per acre upon other lands, and one-half the net profits upon other coal properties to be handled

and sold by the defendant. It was also stipulated in the agreement that the parties should work to each other's mutual interest and advantage, plaintiff agreeing to turn in all the coal options and coal lands he might be able to secure, and defendant agreeing to use his best endeavors to make sale of the coal, and the profits to be divided as stipulated. It was further averred in the bill that on December 1, 1901, the parties agreed verbally to continue for another year the relations which had been established between them, and that in pursuance of the agreement plaintiff devoted his whole time for about eighteen months to securing coal options, examining the lands, and reporting upon them to defendant. The number of options secured and properties examined and reported upon was very large. In the concluding paragraph of the bill it is alleged that owing to the many and various complications attending these transactions, it is difficult to ascertain the amount of the profits or the amount due to each party, without an accounting between the plaintiff and defendant. That the defendant refused to account, and refuses to pay to plaintiff any fair proportion of the profits as they appear upon the face of the various transactions. The bill prayed for an accounting, for the payment of such sum as might be found due to plaintiff by defendant, and for the assignment to plaintiff of an interest in the subject matter of certain litigation pending in the courts of West Virginia. In defendant's answer the agreement was admitted, but that it was extended was denied, and it was averred that plaintiff had violated the terms of the contract, and for that reason defendant had rescinded it, and thereafter a new verbal agreement was made under which defendant had paid plaintiff in full for all services rendered. Other material averments of the bill were denied, and it was also averred that plaintiff had a full, complete and adequate remedy at law, and was not entitled to relief in equity. Issue was joined, and the case was heard by a referee, who, after

taking most ample time for consideration, reported that the plaintiff was entitled to an account. The report of the referee was confirmed by the court below, and a decree was entered requiring the defendant to account. Defendant has appealed.

The first assignment of error is to the overruling of defendant's demurrer to the bill, which alleged want of jurisdiction in equity; and the second assignment is to the action of the court in overruling defendant's exception to the refusal of the referee to find as a conclusion of law that the plaintiff had a full, complete and adequate remedy at law. No matter whether the agreement upon which this action is based be regarded as a contract of agency or one of partnership, the rights of the parties under it can be settled only by an accounting. Part of the claim of plaintiff is for an interest in the net profits upon various sales of coal lands made by defendant. These profits can only be ascertained by an accounting; and it is made plain by the averments in the bill, and by the referee's findings of fact, that the accounts are complicated. Many of the details of the various transactions are solely within the knowledge of defendant. The referee found as matter of fact that the parties worked under the agreement, with little intermission, from its date until the latter part of 1902 or the beginning of 1903, and that the contract of March 22, 1901, was not rescinded as alleged in the answer, but continued to govern the legal relation between the parties until they ceased their common operation in coal lands. There was evidence sufficient to sustain these findings, and we must accept the report of the referee as conclusive in that respect. It matters not that from the evidence another conclusion might have been reached. It is only in case of manifest error that the report of a referee confirmed by the court below, will be disturbed. Nothing of that kind appears here. In Holland v. Hallahan, 211 Pa. 223, this court said (p. 225) : "Equity will take jurisdiction on the ground of account, notwith-

standing that the accounting involved is on one side only, if it is so complicated as seriously to embarrass the remedy at law and in cases where discovery is needed and sought......Jurisdiction has been taken in cases where the accounts were not mutual, but ascertainment of the amount due, involved the examination of the whole business of the defendant, as where an agent was entitled to a share of the net profits of a business as compensation for service, or the owner of a patent was entitled to a share of the profits derived from the manufacture and sale of a patented article by his licensee." The application of this principle to the case in hand clearly justifies the exercise of equity jurisdiction. Counsel for appellant cite the decision of this court in Drape v. Coleman, 233 Pa. 585, as sustaining their contention that plaintiff has an adequate remedy at law. But in that case the facts were very simple, and it was held that the need for equitable relief was not shown. In the present case, we gain from an inspection of the record a strong impression that the facts are extremely complicated, and that an examination of the whole business of defendant with respect to the transactions in controversy is necessary to ascertain the amount due plaintiff. It is also apparent that a relation of trust and confidence existed between the defendant and plaintiff. Under these circumstances we are convinced that the remedy at law would not be adequate. Justice can best be reached by the aid of the flexible methods of equity. The first and second assignments of errors are therefore overruled.

It is charged in the third assignment of error that the court below erred in refusing the prayer of defendant's petition to vacate the appointment of the referee. The assignment is not selfsustaining, as it does not contain the petition referred to in the order of the court below; nor do the reasons upon which the application to vacate the appointment was based, appear. In the appendix is printed a petition which is doubtless the one referred to

in this assignment of error, but it does not appear that this petition was either signed or supported by affidavit. At any rate, the question was one within the sound discretion of the court which appointed the referee; and in the absence of anything to show a clear abuse of that discretion, its exercise will not be reviewed here.

The fourth assignment of error is to the overruling of an exception filed by defendant which was intended to raise the question of the power of the referee to file a report after his first report had been stricken from the record because of failure to comply with the requirements of the equity rules. It appears from the opinion of the court below that the former report of the referee was stricken off, because it had not been filed within ten days after the hearing of the exceptions, as prescribed by Equity Rule 69. The court below set aside all proceedings after the completion of the referee's report. Notice was then given by the referee that his report was ready, and defendant again filed exceptions, and hearing was had, when counsel submitted the case without argument, and the final report was filed within ten days after said hearing. Counsel for appellant contend that the court had no power to extend the time for filing the report beyond the period provided in the rule. They cite the case of Harris v. Mercur, 202 Pa. 313, in which it was held that the court could not extend the time for filing exceptions beyond the thirty days allowed by the Act of Assembly. But that case differs from the one now under consideration. Under the Act of Assembly, the adverse party is entitled to judgment at the expiration of the thirty days if no exceptions are filed. In the equity rules no penalty is provided in case of the failure of the referee to file his report within the ten days. In such case any party interested would be entitled to an order of court to compel the filing of the report. Here the court below struck the report from the files, and required the referee to again give notice that his report was ready, and enforce a strict compliance with

Equity Rule 69. It is not disputed that in filing the report which is now before the court, all the requirements of the rule were met. In Hinnershitz v. Traction Co., 206 Pa. 91, Mr. Justice MITCHELL, referring to previous comment upon the equity rules, said (p. 97) : "But it was not intended to say that they were inexorable under all circumstances, or to take them out of the ordinary equitable control of a chancellor, in the application of chancery rules to exceptional cases. Such a construction might easily make them more oppressive than mandatory statutes." And again (p. 98) : "They are like all other rules of practice, subject to the judicial discretion of the chancellor as to their strict enforcement under circumstances productive of injustice or exceptional hardship." The requirement of the rule that the referee shall decide exceptions and file his action thereon within ten days after the hearing of the exceptions, is intended to expedite the proceedings. To adopt the suggestion of counsel for defendant, and hold the report of the referee void because not filed within ten days of the hearing upon the first set of exceptions, would be going to an extreme for which we can see no justification. Such a construction of the rule would work injustice to the parties to this litigation, who have already suffered unduly from delay.

The fifth and sixth assignments of error are to the overruling of exceptions to the refusal of defendant's requests for findings that plaintiff was entitled to an account, if at all, only on the basis of commissions at so much per acre upon coal, the options for which were procured by or through him. These requests were properly refused. They asked the referee to decide in advance of the accounting the basis upon which the liability of defendant to plaintiff should be determined. Aside from this, the referee has found as a fact that the agreement of March 22, 1901, was in force throughout the whole of the transactions between plaintiff and defendant, and defines their legal relation in the purchase

and sale of coal lands. Under the terms of that agreement plaintiff was entitled to receive half of the net profits upon a large part of the transactions concerned, and was not confined to a commission of so much per acre.

In the seventh assignment of error complaint is made of the overruling of an exception to the refusal of a request by defendant for a finding that the amount of profits could not be definitely ascertained. This request was also properly refused, as it referred to a question to be determined on the accounting, and not as a preliminary matter. If there be something dependent upon litigation elsewhere or if part of the transactions are so incomplete as to prevent accounting therefor, the court will have full control of the situation, and can make such final decree as will protect the rights of both parties. In any event the request as presented was too broad, in that it included all the transactions between the parties, whether completed or not.

The eighth and ninth assignments of error are to the final decree of the court below. The first and second paragraphs of the decree direct an account for commissions, and for one-half of the net profits realized on certain transactions which as the referee finds have been completed. The third paragraph of the decree directs the manner in which the accounting shall be made with respect to the incompleted transactions. We do not see anything in the decree which is intended as an adjudication that defendant is liable for any specific amount either of commissions or of net profits. Defendant is at liberty to show from his standpoint the amount due plaintiff as commissions, and the result of the transactions under the agreement as affecting the amount of the net profits. If upon the final decree the account, as confirmed by the court below, is erroneous in any respect, and the defendant is aggrieved thereby, it can be corrected on final appeal.

The assignments of error are all overruled, and the decree of the court below is affirmed.