## Kingsbury v. Noll et al.

*Equity—Jurisdiction—Remedy at law—Accounting—Commissions on sale of lots—Discovery—Act of May 14, 1915—Practice, C. P.*

1. Where the liability to account is all on one side, a court of equity will not take jurisdiction.

2. Where discovery is merely incidental to the main relief, discovery is not sufficient in itself to give equity jurisdiction.

3. A bill in equity for discovery and accounting by an agent against his principal for the amount due for commissions on the sale of a large number of lots will not be sustained, inasmuch as the plaintiff has an adequate remedy at law by an action of *assumpsit* under section 11 of the Act of May 14, 1915, P. L. 483, in which he may have an order for an account and judgment for the amount shown to be due him.

Preliminary objections to bill in equity. C. P. Schuylkill Co., Nov. T., 1926, No. 2.

*J. L. N. Channell,* for plaintiff; *J. A. Noecker,* for defendants.

KOCH, J., Jan. 3, 1927.—The plaintiff avers that the defendants became the owners of a farm or piece of land, containing about forty acres, in the Borough of Schuylkill Haven, known as the Bittle Farm. They entered into a contract in writing with the plaintiff on Feb. 29, 1924, by which they gave to the plaintiff the sole and exclusive right for the period of one year from March 1, 1924, to act as their agent for the sale of the lots into which said tract was to be divided. The defendants fixed the prices for the lots, but the terms of sale of lots as to the down-payments, instalments, payment of interest, taxes, etc., were to be arranged by the three parties named in the agree-

ment.  Kingsbury was to bear all expenses incident to the sale of the lots, excepting the surveying, laying out and staking off of the lots; he was to devote his best energies to the sale of the lots.  All money received for lots was to be deposited in the name of the defendants when and as the same was received, and weekly settlements were to be made between the parties, in so far as the commissions for the sale of lots are concerned.

In the agreement the consideration is stated thus: "In consideration of which the said Eben P. Kingsbury is to receive a commission of twenty-five per cent. (25%) for all lots sold during the period of this agreement.  That said commission is to be calculated upon each lot sold, and the said Eben P. Kingsbury is to receive from the parties of the first part fifty per cent. (50%) of each amount paid by purchasers on account of said lot or lots, until he has received his full commission of twenty-five per cent. (25%) for each specified lot, for which, or on account of which, said payments are made."

Kingsbury avers in his bill of complaint that he entered upon the work and continued during the term of the contract for a period of one year; that he bore all expenses of selling the lots, of employees and a number of assistants; that he advertised the lots for sale, solicited prospective customers personally and, through his assistants and employees, closed written contracts with purchasers and delivered them to the defendants.  He collected various payments on account, all of which he turned over to the defendants or deposited them in bank to their credit.  He claims that he has in all respects fully and completely complied with the terms of his contract; that all the contracts for sales have been placed with the defendants; that the total amount of commissions due him is $6902.31, but he is unable to say how much of that amount is due him at this time, because the defendants refuse to disclose how much has been paid by the various purchasers.  On July 25, 1924, he received $2027.94, and in December, 1924, he received a note and cash and made concessions to an additional amount of $1701.81.  He avers that additional payments have been made by purchasers, whereby additional sums have become due to him since December, 1924, and that he has frequently requested that they make settlement.  He claims that he has no adequate remedy at law, and, therefore, prays for a decree to have discovery and disclosure made of all payments received and of the amount of commissions due him, and prays that an account be taken of the dealings between the parties.  He attached to his bill of complaint an exhibit showing the names of forty-three purchasers of lots, the price of each lot sold and the amount of his commissions.

The defendants have made answer, raising preliminary objections to the bill, to wit:

1.  That, upon the facts averred in the bill of complaint, the plaintiff has a full, complete and adequate remedy at law.

2.  That the said remedy at law is provided by sections 11 and 19 of the Act of May 14, 1915, P. L. 483, commonly known as the Practice Act.

It is not sufficient to oust the jurisdiction of a court in equity if the complainant has a remedy at law, unless that remedy be complete and adequate: Bank of Kentucky v. Schuylkill Bank, 1 Pars. 191, 220;  Bank v. Adams, 1 Pars. 541;  Kirkpatrick v. McDonald, 11 Pa. 393;  Skilton v. Webster, Bright. 203;  Weir v. Mundell, 3 Brew. 594;  Bussier v. Weekey, 11 Pa. Superior Ct. 463.  Courts of equity have jurisdiction so far as relates, inter alia, to "the discovery of facts material to a just determination of issues."

Section 19 of the Act of Oct. 13, 1840, P. L. 1841, page 7, says: "The Supreme Court, the several District Courts and Courts of Common Pleas within this Commonwealth shall have all the powers and jurisdiction of

courts of chancery in settling partnership accounts, and such other accounts and claims, as by the common law and usages of this Commonwealth have heretofore been settled by the action of account render; and it shall be in the power of the party desirous to commence such action to proceed either by bill in chancery or at common law, but no bill in chancery shall be entertained unless the counsel filing the same shall certify that, in his opinion, the case is of such a nature that no adequate remedy can be obtained at law, or that the remedy at law will be attended with great additional trouble, inconvenience or delay."

Prior to the passage of that act, actions of account render were tried before juries in the common law courts under the Act of April 4, 1831, P. L. 492, which was repealed by the Act of Oct. 13, 1840, P. L. 1841, page 7. But the 18th section of the latter provides: "That in all actions of account render, now pending, or which may hereafter be brought, after it shall have been found or admitted by the pleadings that the defendant is liable to account to the plaintiff, it shall be in the discretion of the court in which the same is or shall be pending to either appoint auditors and proceed according to the practices and usages of the common law, or direct a jury to be impaneled to settle the accounts of the parties and find the balance due the plaintiff or defendant."

And the Practice Act of 1915, P. L. 483, contains provisions in reference to accounts, as follows:

"Section 11. If the plaintiff avers that the defendant has received moneys as agent, trustee or in any other capacity for which he is bound to account to the plaintiff, or if the plaintiff is unable to state the exact amount due him by the defendant, by reason of the defendant's failure to account to him, the plaintiff may ask for an account."

"Section 19. When the plaintiff asks for an account and moves for judgment for want of an affidavit of defence, or for want of a sufficient affidavit of defence, the court may enter an order for an account, which may be enforced by attachment or otherwise, and judgment may be entered for the amount shown to be due in favor of the plaintiff or the defendant."

From all of which it must be apparent that juries may settle accounts. And this case presents no difficulties for settlement by a jury. Since the defendants have refused to render an account to the plaintiff, he might have sued for his full commissions, and, in their affidavit of defence, the defendants would most likely have informed the plaintiff as to the exact amount that they have received on each lot, and from such facts the amount due to plaintiff would be very readily ascertainable. The affidavit of defence ought to make sufficient discovery of all the facts that the plaintiff needs. If it fails to do so, the plaintiff can proceed to a verdict, as was done in the case of Miller v. Belmont P. & Rubber Co., 268 Pa. 51, and obtain a judgment, *quod computet*. Or, better still, if the evidence shows the amount due, a verdict for the amount can be obtained. Therefore, the remedy at law is adequate, simple and complete. The liability to account here is all on one side, and in such cases courts of equity will not take jurisdiction: Shaw et al. v. Newingham, 279 Pa. 180; Graham v. Cummings, 208 Pa. 516; Paton v. Clark, 156 Pa. 49. Where discovery is merely incidental to the main relief, it is not sufficient in itself to give equity jurisdiction: Drape v. Coleman, 233 Pa. 585. The concluding part of the opinion in the case just cited may be properly quoted here: "We can see no sufficient ground for maintaining the bill for the mere purpose of discovery. It is not apparent why there should be any unusual difficulty in securing necessary evidence. All the essential facts can be ascer-

tained and established in the regular course of a suit at law. Discovery in this case would be merely incidental to the main relief sought by the bill, and is not, therefore, sufficient to support an action in equity: Holland v. Hallahan, 211 Pa. 223."

In the case of Holland v. Hallahan, 211 Pa. 223, 225, Mr. Justice Fell said: "Jurisdiction has been taken in cases where the accounts were not mutual, but ascertainment of the amount due involved the examination of the whole business of the defendant, as where an agent was entitled to a share of the net profits of a business as compensation for service, or the owner of a patent was entitled to a share of the profits derived from the manufacture and sale of a patented article by his license. But our cases have not gone further than to hold that a bill, by an agent or employee, for commissions or salary will be sustained where the amount due is uncertain and to be determined by ascertaining the profits of a business, or the accounts are so complicated as to make it impossible to obtain an intelligent result by a jury trial. If we went further than this, we should have difficulty in finding a logical stopping place."

The amount due in this case is certain and is very readily ascertainable. So it must be obtained in a court of law.

The preliminary objections are sustained, and the case is certified to the law side of the court for further proceedings, at the costs of plaintiff.

From M. M. Burke, Shenandoah, Pa.