## Sork et al. v. C. Trevor Dunham, Inc.

*Henry Sork*, for plaintiffs; *G. J. Edwards, Jr.*, for defendant.

LEWIS, J., Oct. 29, 1930.—Plaintiffs brought this action in *assumpsit* on April 21, 1930, by the issuance of a summons which was duly served upon the defendant on April 23, 1930. On July 31, 1930, as disclosed by the docket entries, plaintiffs filed a bill, as of the same term and number, praying for discovery and for information alleged to be required by them in the preparation of the statement of claim. Plaintiffs at the same time filed certain interrogatories addressed to the defendant. On Aug. 5, 1930, at the instance of the defendant, a judgment of *non pros.* was entered by the clerk for failure to file a statement of claim within thirty days after notice so to do, given in

pursuance to the rules of court, and on Aug. 12, 1930, defendant filed certain preliminary objections to the plaintiffs' bill in equity. The matter comes before us upon the preliminary objections to the equity proceedings, as well as on the application of the plaintiffs to strike off the judgment of *non pros.* entered.

The two questions for determination are: (1) Is the plaintiffs' bill in equity a proper method of procedure? . (2) Assuming plaintiffs have mistaken their remedy, did the bill filed nevertheless have the effect of a stay of the proceedings at law; and, further, should plaintiffs, under the circumstances, be relieved from the penalty of the *non pros.* and the judgment be stricken off?

The Act of Feb. 27, 1798, 3 Sm. Laws, 303, providing that the "several Courts of Common Pleas in this state shall have power, in any action depending before them, on motion, and upon good and sufficient cause shewn, by affidavit or affirmation, and due notice thereof being given, to require the parties, or either of them, to produce books or writings in their possession or power which contain evidence pertinent to the issue," contemplates the production of documents at the trial only: 1 Troubat & Haly's Prac., 510; Raub *v.* Van Horn, 133 Pa. 573; Happersett *v.* Eaton, 20 Dist. R. 501.

The Act of June 16, 1836, P. L. 784, relied upon by counsel for plaintiffs in his argument, while conferring equity powers upon the courts, expressly preserves the rights which existed at common law, so far as the production of papers is concerned.

It has frequently been held that where the defendant has in his possession papers or documents, the inspection of which is necessary in order to enable plaintiff to declare, the court will grant a rule upon defendant to produce the same in open court for that purpose. This is not a case which can be reached by the ordinary equitable remedy of discovery: Murphy *v.* Morris, 2 Miles, 60; Boyce *v.* Super, 35 W. N. C. 339; Simmons *v.* Hoffman, 6 Dist. R. 218.

As was said by Mr. Justice Fell in Holland *v.* Hallahan, 211 Pa. 223, 227: "In this case there was no right to an account and the right to discovery failed. It is only where jurisdiction has properly attached for some purpose that a court of equity will retain it and dispose of connected topics of dispute. The plaintiff's demand is simply for salary based on commission on sales, and his remdy at law is adequate. The ascertainment of the amount of sales and of the amount to which he is entitled on a fixed commission does not involve the examination of intricate and complicated accounts, and under our practice he can obtain any information necessary to enable him to prepare for trial and properly to present his case: Arrott *v.* Pratt, 2 Wharton, 566; Murphy *v.* Morris, 2 Miles, 60;" Drape *v.* Coleman, 233 Pa. 585; Noble *v.* Western Pennsylvania Natural Gas Co., 255 Pa. 512; Williams *v.* Finlaw, 292 Pa. 244. In Murphy *v.* Morris, *supra,* the plaintiff presented a petition setting forth that he had brought suit against the defendant upon an agreement, in pursuance of the terms of which the defendant owed him $1800; that the agreement was reduced to writing and duly executed, but that he had been given no duplicate or copy; that he believed the defendant to have the original agreement, and that his counsel told him an inspection of said agreement was necessary to enable him to declare. The plaintiff's rule on the defendant to produce the original agreement was made absolute by the court. In that case Judge Stroud held that "where the defendant has in his possession a paper or document, the inspection of which is necessary to enable the plaintiff to declare, the court will grant a rule on the defendant to produce the same in open court for that purpose." In elucidating the same principle

in 1 Greenleaf on Evidence (15th ed.), § 559, the learned author said: "The courts of common law may also make an order for the inspection of writings in the possession of one party to a suit in favor of the other."

In Simmons v. Hoffman, supra, Judge Arnold made absolute a rule taken on the defendant to produce certain letters for the inspection of the plaintiff, holding that "original letters written by the plaintiff to defendant and received by him, of which plaintiff neglected to keep copies, may be directed to be submitted to the plaintiff for inspection and taking copies, it being established to the satisfaction of the court that an inspection of such letters is necessary to enable plaintiff to prepare his statement."

In Patton's Pennsylvania Practice, 485 (citing Murphy v. Morris, supra), it is said: "When the plaintiff requires a paper in the possession of the defendant to aid him in drawing his statement, and not with a view to evidence on the trial, the court will grant a rule upon petition, setting forth the facts under oath, if no counter-affidavit is filed denying the facts, to compel the defendant to produce the same in open court for that purpose."

It is clear, therefore, from an examination and study of the authorities that plaintiffs have mistaken the procedure for obtaining the relief sought.

It is undoubted that the rule of court providing for a non pros. for failure to file a statement within thirty days is within the rule-making power of the court. The basis, however, for the enforcement of the rule is the presumption that the plaintiff has no cause of action, else he would proceed with his action: Waring Bros. & Co. v. Penna. R. R. Co., 176 Pa. 172 (1896).

Prior to the entry of the judgment of non pros. on Aug. 5, 1930, there had been filed of record in this proceeding a bill of complaint, wherein the plaintiffs gave their reasons for their inability to prepare and file their statement of claim, and sought certain information required by them for that purpose. The plaintiffs proceeded with the cause.

In Craig v. Barclay, 48 Pa. 202, an appeal was taken from a judgment of a justice of the peace. No stamp was affixed to the certificate of the justice. In consequence of this, a motion to quash the appeal for want of the United States revenue stamp on the certificate was filed. While the motion was pending, a judgment of non pros. was entered against the plaintiff under a rule of court which provided for the entry of a non pros. by the prothonotary unless a declaration be filed in twelve months from the institution of the action. Strong, J., speaking for the Supreme Court, held that the motion to quash, having been filed more than a year after the filing of the appeal, came too late, and the motion was stricken off. It is further held that "the court erred in giving a judgment of non pros. and in refusing to take it off on the application of the plaintiff. . . . The judgment of non pros. was entered, while the rule to show cause why the appeal should not be dismissed was pending. That rule necessarily suspended all proceedings in the case. Until it was disposed of, nothing else could be done. Certainly, the plaintiff could not be required to declare, for a declaration would have been a waiver of any objection to the sufficiency or regularity of the appeal."

In our case the plaintiffs could not comply with the strict wording of the rule relative to the filing of their statement of claim, inasmuch as there appeared upon the record itself the reasons for their inability so to do.

The controlling principle of the wide discretion allowed to the courts over the application of their own rules "has been often announced by our Supreme Court, and is plainly stated by Sterrett, C. J., in Carpet Co. v. Latimer, 165 Pa. 617, in the following language: 'We have no doubt as to the correctness of the learned judge's construction of the rule in this case; but if we had, it would require much more than that to justify our interference. As has been

frequently said, every court is the best judge of its own rules, and this court will not reverse for any construction unless it is manifestly erroneous and injurious' . . ." Livingston *v.* Kerbaugh, 30 Pa. Superior Ct. 534.

Under the facts in this case it would be clearly inequitable to penalize the plaintiffs by a strict application of the penalty provided by the rule of court, to wit, the entry of a judgment of *non pros.*

For the reasons herein set forth, *(a)* the preliminary objections filed by the defendant to the bill are sustained and the bill is dismissed; *(b)* the rule to strike off the judgment of *non pros.* is made absolute, with leave to the plaintiffs, within ten days, to proceed in accordance with the views expressed in this opinion.