## Counties Finance, Inc., v. Norristown-Penn Trust Company et al.

*George A. Purring*, for plaintiff.

*Henry I. Fox* and *Larzelere & Wright*, for defendants.

CORSON, J., May 4, 1934.—The plaintiff alleges in its bill of complaint that John Marshall Clark, formerly president of the plaintiff corporation, prior to his death on July 15, 1932, did cheat, defraud, and embezzle from the plaintiff approximately $30,000, and that all, or at least much of, such money so embezzled was used by him in furnishing a house and otherwise improving a farm

owned by the defendant Elsie R. Clark in Chester County, Pa. The bill further alleges that Clark expended some of the embezzled funds in maintaining certain policies of life insurance in the approximate sum of $65,000, the proceeds of which were duly paid to the defendants after his death.

Upon this state of facts, the plaintiff claims that, as a result of the wrongful use of the plaintiff's moneys by Clark, it has an equitable interest in the improvements made on the Chester County farm and in the proceeds of the life insurance policies, of which the defendants were trustees or beneficiaries.

Plaintiff seeks, first, to have the defendant Elsie R. Clark make and deliver under oath to the complainant a statement of all expenditures for the improvement of her farm during the year 1928, and from that date to July 15, 1932;

Second, the plaintiff asks that Elsie R. Clark be ordered to make and deliver under oath to plaintiff a complete record of all policies of insurance on the life of John Marshall Clark of which she was the beneficiary, including the names and addresses of the insurance companies, the numbers and respective amounts of the policies, the due dates of premiums, and a record of the actual dates of payments of premiums;

Third, the plaintiff asks that the defendant trust·company be similarly ordered to deliver under oath to plaintiff a copy of its deed of trust for Elsie R. Clark and a complete record of all policies of insurance on the life of John Marshall Clark, for the proceeds of which it is trustee, including the names and addresses of the insuring companies, etc.;

Fourth, the plaintiff asks that the defendants be enjoined from selling the equipment and furnishings of the farm and using or paying out the proceeds of the policies of insurance, until it can be determined by this court what part, if any, of such equipment and proceeds are owing to complainant.

Both defendants have filed preliminary objections under Rule 48, in the nature of a demurrer to the bill as filed. It is the contention of the defendants that the bill is merely an action brought by the plaintiff seeking to discover whether or not it has any right of action against either or both of the defendants. If this bill is to be sustained, any person by making similar averments could force any defendant to divulge what might be confidential information in its possession. Admittedly, there is no privity of contract between the plaintiff and either of these defendants.

Plaintiff's claim, if any, rests upon its right to trace and recover stolen property in the hands of third parties. While, at the argument, plaintiff's counsel speaks of the bill as one for an accounting, yet nowhere in the bill is such an accounting asked. The actual prayer is for discovery and for an injunction to restrain the defendants from disposing of the subject matter until final determination of the suit. Upon this ground alone the bill is insufficient, because there is no suit pending in which this court by a decree for discovery could aid the plaintiff. "The legitimate function of discovery is to furnish evidence; it is not the source of jurisdicton. . . . Where equitable jurisdiction exists, discovery may be an aid to its exercise: . . . Pomeroy on Equity Jurisprudence (4th ed.) pp. 346, 348, secs. 225, 226. Pomeroy observes (p. 3372, sec. 1421, n3) that the rule seems to be applicable only to cases partaking of a fiduciary character": Williams v. Finlaw, Mueller & Co., Inc., 292 Pa. 244, 248.

Assuming that the bill is, as no doubt was intended, a bill for an accounting and discovery, it would still seem to be insufficient. " 'A court of equity's jurisdiction over matters of account is based upon . . . the complicated character of the account, the need of a discovery, and the existence of a fiduciary or trust relation.' . . . Where accounts are all on one side, and no discovery is sought or needed, courts of equity will not take jurisdiction of the cause": Graham v.

Cummings, 208 Pa. 516, 532. See also Drape v. Coleman, 233 Pa. 585, Crennell v. Fulton, 241 Pa. 572, and Williams v. Finlaw, Mueller & Co., Inc., supra.

In order for the plaintiff here to come within the rule laid down in Graham v. Cummings, a fiduciary relationship must be established, and unless plaintiff is entitled to an accounting the bill must be held bad on demurrer, the discovery being prima facie merely incidental to the account: Holland v. Hallahan, 211 Pa. 223.

Does such a fiduciary relationship exist in the present case? Plaintiff does not allege what Clark's duties were as president, and merely alleges that in some way he fraudulently obtained money and embezzled it from the plaintiff. The fiduciary relationship alleged is that of a trust ex maleficio sought to be declared upon the moneys alleged to have been embezzled. The plaintiff rests its claim upon an allegation of fraud. Is the allegation as set forth in the bill sufficient?

In the leading case of Rice v. Braden, 243 Pa. 141, 148, the court holds: "There is no doubt of the general proposition that whenever a person has obtained the property of another by fraud, he is a trustee ex maleficio of the person so defrauded. The reason of it is this: Having perpetrated a fraud and by means thereof obtained the property of another, equity will not permit him to enjoy the fruits of his fraud, but will hold him to be a trustee for the rightful owner. He is not of course a trustee of the title, for that he never acquired, but of the thing which he has in manual possession. Such cases are not technically trusts but are trusts ex maleficio, or trusts resulting from the fraud practiced by the one who has possession of the property. Fraud arises sometimes out of the abuse of a confidence, and that abuse . . . is the grounds of decreeing a trust ex maleficio. . . . Such fraud is never to be presumed but must be proven, and in averring it in a bill of complaint it is not sufficient to aver the legal conclusion that an act was fraudulently done or representation fraudulently made, but the facts which constitute the fraud must be clearly and explicitly set out, so that the court and not the pleader may judge whether the act or representation complained of was fraudulent or otherwise." See Schuster v. Largman et al., 308 Pa. 520, 532, affirming and citing with approval the above case.

Certainly the present bill, upon its mere statement of the legal conclusion that John Marshall Clark did "cheat, defraud, and embezzle", without any facts alleged, is too vague, indefinite and insufficient to be sustained. There is another reason, however, why the present bill cannot be sustained. Before the plaintiff can make out any case, it must show that John Marshall Clark did actually defraud the plaintiff and embezzle certain moneys of the plaintiff. The present defendants are not alleged, or even claimed, to have had anything whatever to do with the alleged embezzlement of John Marshall Clark, and certainly are not to be required to answer such allegations by the plaintiff. The plaintiff alleges that Clark used stolen money to make the improvements on his wife's farm and pay the insurance premiums, because, plaintiff contends, Clark received only $3,500 a year as salary from the plaintiff company. It may well be that Clark had other sources of income from which he made such expenditures. The person in the best position to know that fact and to answer the charge laid against Clark in the plaintiff's bill would be Clark's executor or administrator. It is not alleged in the bill that the estate of Clark is insolvent, or that he died without sufficient assets to make good the amount of his alleged embezzlement.

In order for the plaintiff to prove the embezzlement, it must have the party

upon the other side best able to answer the plaintiff's charge. Any decree in this case in favor of the plaintiff company to the effect that John Marshall Clark had embezzled any money from the plaintiff must necessarily affect Clark's estate. "It is well settled that equity will not grant relief, such as here asked, if all immediately affected thereby are not made parties": Midland Borough v. Steubenville, etc., Traction Co. et al., 300 Pa. 134, 139.

We feel, therefore, that the bill should be dismissed, first, because it is a bill merely for discovery, and equity has, therefore, no jurisdiction; and, second, because the bill is insufficient in that, first, not all the parties are before the court, second, because it does not allege facts in support of a conclusion of the allegation of fraud and embezzlement of John Marshall Clark, and, third, because no fiduciary relationship is shown to exist.

And now, May 4, 1934, it is ordered, adjudged, and decreed that the defendants' preliminary objections to the bill are sustained, and the bill dismissed at the costs of the plaintiff.          From Aaron S. Swartz, Jr., Norristown, Pa.