## Phillips v. Saltzgiver

*Kline, Jordan & Backenstoe*, for plaintiff.

*John J. DeMarines,* for defendant.

HENNINGER, P. J., September 24, 1963.—Plaintiff has brought this action in equity (a) for an accounting by defendant for renewal commissions allegedly due after termination under two contracts whereby on May 11, 1961, defendant contracted in writing for plaintiff to act as agent for two insurance companies for whom defendant was general agent and (b) to compel defendant to authorize said companies to furnish plaintiff the information desired.

Defendant filed a preliminary objection by way of demurrer to the effect that:

(1) No showing of a duty to account.

(2) No showing of duty to authorize the companies to account.

(3) No showing of injury to plaintiff.

(4) Adequate remedy at law.

We find merit only in the last objection. Certainly we find from the complaint that plaintiff would be entitled to "further commissions after the effective date of termination." If that provision in the World Mutual Health and Accident Insurance Company policy is equivocal, as applying only to premiums "collected by the agent," the Union Fidelity Life Insurance Company contract clearly provides for payment of commissions on renewals after termination of the contract.

It would be surprising if no policies at all had been renewed and therefore we can assume that at least some commissions might be due, unless defendant has other reasons for refusing payment. Since plaintiff on the face of the complaint would seem to have a cause of action, we cannot sustain the demurrer although he may be in the wrong court, especially where we have the power to certify the case to the proper court. See Pa. R. C. P. 1509 (c),

"The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sus-

tained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived."

Our courts have held that a unilateral uncomplicated account, not arising out of a trust relationship or through fraud, may be demanded only in the law side of our common pleas courts: Holland v. Hallahan, 211 Pa. 223.

Plaintiff seeks to justify resort to equity because discovery is involved, but discovery is obtainable in equity only as ancillary to an equitable action: Holland v. Hallahan, supra; O'Brien v. O'Brien, 362 Pa. 66, 70; International Union v. Westinghouse Electric Corp., 7 D. & C. 2d 290, 298.

With our present Rules of Civil Procedure, discovery is available at will in the courts of law as well as in equity: Pa. R. C. P. 4001 to 4025, inclusive.

The cases cited by plaintiff do not support his contention that equity should take cognizance of his complaint. In Heilwood Fuel Co. v. Manor Real Estate Co., 405 Pa. 319, the case was actually certified to the law side of the court when it appeared to the court that the claim was for damages for the cutting of trees. It was later retained in equity, when it was shown that the bill was for specific performance of a contract.

In Strank v. Mercy Hospital, 383 Pa. 54, the action was to compel certification of grades in a nursing school, something that could not be accomplished in an action at law.

The line between accounting at law and in equity may in some cases be difficult to draw, but in this case there is a clear, unilateral and simple accounting asked.

Now, September 24, 1963, defendant's preliminary objections by way of demurrer are overruled and dismissed and the preliminary objection to proceeding in equity is sustained and it is ordered that the cause be certified to the law side of this court and that defendant answer on the merits within 30 days after such certification.