## Schmucker *v.* Lawler, Appellant.

*Sale—Sale of goods in bulk—Execution—Attachment execution—Act of March 28, 1905, P. L. 62.*

Although a sale of goods in bulk may be in violation of the provisions of the Act of March 28, 1905, P. L. 62, and as such void as against the vendor's creditors, yet as between the parties it may be good and pass title. The remedy of the vendor's creditors is by seizure of the goods under an ordinary fi. fa. They have no remedy against the vendee by an attachment execution.

Argued Oct. 8, 1908. Appeal, No. 107, Oct. T., 1908, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 5,087, entering judgment against garnishee on answers in case of Nicholas J. Schmucker and Winfield S. Keck, copart-

ners, trading as Schmucker, Keck & Co., v. Amelia E. Lawler et al.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Rule for judgment against garnishee in attachment execution on answers.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment against the garnishee in attachment execution.

*William J. Shœffer,* with him *William J. Lawson,* for appellant.—An attachment execution is not the proper remedy: Wilson v. Edwards, 32 Pa. Superior Ct. 295; Feingold v. Steinberg, 33 Pa. Superior Ct. 39; Fisher v. Elliott, 11 Phila. 344; Strouse v. Becker, 44 Pa. 206.

*T. W. McNeil,* for appellees.

OPINION BY HENDERSON, J., February 26, 1909:

The effect of the Act of March 28, 1905, P. L. 62, was to render fraudulent and voidable a sale in bulk of merchandise or fixtures or both as against any creditor of the seller who institutes an appropriate proceeding to invalidate such sale.  As to such creditor merchandise sold is liable to execution as if no sale had taken place.  The act does not prescribe a particular mode of procedure against such property, and the remedy of the creditor is that which existed in favor of judgment creditors before the act was passed.  The process known as an attachment execution was authorized by the Act of June 16, 1836, P. L. 755.  It is supplementary to the writ of fieri facias and intended to reach certain classes of personal property not subject to that writ.  The thirty-fifth section of the statute provides that a debt due the defendant or a deposit of money made by him or of goods or chattels pawned, pledged or demised may be attached and levied in satisfaction of a judgment.  The property subject under this section is that of the defendant in the judgment which is due to him from another or which he has de-

posited, if money, or goods or chattels which he has pawned or pledged or in any way delivered to another for a limited period, property in the thing all the time remaining in the depositor or pledgor. The writ is not available for a seizure and sale of goods in the possession of another than the defendant not held for, and as the property of, the latter. Such was, in effect, the construction of the act in Good v. Obertauffer in the district court of Philadelphia, 1 Tr. & H., note to sec. 1182, and this view was approved in Lennig's Appeal 9 W. N. C. 503. In the case before us the appellant did not hold the property under any pledge or demise from the former owner. He bought and paid for it, and as between him and the seller it was his absolutely, but under the act of 1905 his title was liable to be defeated by the seller's creditors who were at liberty to disregard the sale and proceed against the property as if no sale had taken place. The property was subject to seizure in the hands of the purchaser by the seller's creditor, and this could be done by writ of fi. fa. as in the case of any other goods subject to levy and sale: Wilson v. Edwards, 32 Pa. Superior Ct. 295. The purchaser did not become responsible for the debts of the seller. He might lose the goods he bought, but could not be considered in any sense a debtor of the execution defendant. We conclude, therefore, that the facts in this case do not support an attachment execution and the judgment must be reversed.

Judgment is reversed.