## Thomas K. Ray Company v. Hamilton et al.

*Attachment — Execution — Proceeds of sale of goods in bulk — Act of March 28, 1905.*

1. Where a judgment has been obtained against the vendor of goods in bulk, an attachment execution may issue against the purchase money in the hands of the vendor or his agent at any time before the fund has been actually distributed to creditors.

2. The Bulk Sales Act of March 28, 1905, P. L. 62, does not present a particular method of procedure against property sold, or the process thereof, and the remedy of the creditor is that which existed in favor of judgment creditors before the act was passed.

Petition for leave to pay proceeds of sale of stock of goods into court and for distribution of fund to those entitled. C. P. Mercer Co., Jan. T., 1924, No. 119.

*Harry L. Keck,* for plaintiff; *M. L. McBride,* for garnishee.

McLAUGHRY, P. J., March 12, 1924.—On Nov. 3, 1923, Thomas K. Ray Company entered suit before a justice of the peace in Greenville against G. E. Hamilton and Bessie Hamilton, and on Nov. 10, 1923, judgment was entered in favor of the plaintiff and against the defendants for $21.40.

On Nov. 14, 1923, M. L. McBride, attorney for G. E. Hamilton and Bessie Hamilton, gave notice to their creditors that Israel Nathan had purchased defendants' stock of goods, leaving a balance of $1335 for distribution among the creditors. This money had been placed in the hands of M. L. McBride for the purpose of paying the creditors in compliance with the Bulk Sales Act.

On Nov. 19, 1923, execution was issued on the judgment of Thomas K. Ray Company, and also an attachment execution, attaching the money in the hands of M. L. McBride. On Nov. 30, 1923, M. L. McBride filed his answer, admitting that he had the money in his hands.

On Jan. 14, 1924, the prothonotary notified all of the creditors that the sum of $1335 had been paid into her office by order of court for the purpose of distribution. The Thomas K. Ray Company is here claiming $27.40 out of this fund, being the amount of the judgment and costs obtained on Nov. 10th.

The question here is as to whether or not the Thomas K. Ray Company can attach the sale price of goods sold in bulk remaining in the hands of the vendor or his counsel.

We are of the opinion that at any time before the purchase money is paid to the creditors, any creditor who has obtained judgment can proceed by legal means and collect his claim. The money held in the hands of M. L. McBride was still the property of Hamilton. It was in all probability left in his possession for the purpose of securing Mr. Nathan, who, for his own protection, desired to see the act of assembly complied with. It was to be used for the purpose of paying creditors, and we see no reason why it could not be attached by any creditor up until the time it was paid over.

In the case of Schmucker v. Lawler, 38 Pa. Superior Ct. 578, the court said: "The act does not prescribe a particular method of procedure against such property, and the remedy of the creditor is that which existed in favor of judgment creditors before the act was passed."

The Thomas K. Ray Company had a right to obtain a judgment, which it did. It was then its privilege to have an execution issued on defendants' property. The execution was issued, but the goods had been sold, and the money realized from said sale was in the hands of the defendant's attorney. This was attached as money belonging to the defendant, it having been realized from the sale of the defendants' goods.

We think there was nothing that could interfere with an execution attachment as in this case, except where bankruptcy proceedings had been commenced.

The Thomas K. Ray Company is, therefore, allowed $27.40, the amount of their claim.

And now, March 12, 1924, this matter came on to be heard and was argued by counsel, whereupon, after due consideration, it is ordered that the prothonotary, in making distribution of money paid into her hands, realized from the sale of goods of G. E. Hamilton and Bessie Hamilton, pay to Thomas K. Ray Company the full amount of its claim, being $27.40.