## Williams v. Finlaw, Mueller & Co., Inc., Appellant.

*Equity—Jurisdiction—Accounting—Pleading—Practice—Act of May 14, 1915, P. L. 483—Discovery—Principal and agent—Trust.*

1. The question whether equity has jurisdiction to entertain a bill for an accounting and discovery, must be determined from the face of the bill.

2. While the Practice Act of May 14, 1915, P. L. 483, enables matters requiring an account to be determined at law, the remedy is not exclusive, but is concurrent with equity.

3. The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction; the question is whether the remedy is adequate or complete.

4. Equity has jurisdiction for an accounting where each of the two parties has received and paid on account to the other.

5. Also, where the accounts are all on one side, but where there are circumstances of great complication or difficulties in the way of adequate relief at law.

6. Also, where a fiduciary relation exists between the parties, and a duty rests on the defendant to render an account.

7. Where equitable jurisdiction exists, discovery may be an aid to its exercise, although it may be applicable only to cases of a fiduciary character.

8. Discovery cannot extend equitable jurisdiction to causes otherwise cognizable solely at law.

9. The mere relation of principal and agent is not sufficient to warrant a decree for an accounting; but where the effective working of the agency contract and conduct of the parties necessarily imposes a trust relation in the principal, who is in receipt of a sum of money coming from numerous sources, as in a case where the agent's salary or compensation depends on the profits or receipt, equity will order an accounting.

*Appeals—Equity—Findings of fact by chancellor—Question not argued in court below.*

10. Where a chancellor's findings of fact are supported by sufficient evidence, they are final.

11. Questions not argued in the court below will not as a rule be considered in an appellate court.

Argued November 29, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 286, Jan. T., 1927, by defendant, from decree of C. P. No. 2, Phila. Co., Sept. T., 1925, No. 1671, directing accounting, in case of Thomas H. Williams v. Finlaw, Mueller & Co., Inc. Affirmed.

Bill for accounting. Before STERN, P. J.

The opinion of the Supreme Court states the facts.

Decree directing defendant to account. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*George H. Detweiler,* for appellant.—The court below erred in entering decree that defendant deliver to plaintiff shares of stock: Edelman v. Latshaw, 159 Pa. 644; Stayton v. Riddle, 114 Pa. 464.

The court erred in decreeing accounting: Holland v. Hallahan, 211 Pa. 223; Miller v. Packing & Rubber Co., 268 Pa. 51; Shaw v. Newingham, 279 Pa. 180.

*Henry J. Scott,* with him *Harry E. Apeler,* for appellee, cited, as to accounting: Shaw v. Newingham, 279 Pa. 180; Graham v. Cummings, 208 Pa. 516; Lafean v. Caramel Co., 271 Pa. 276; Crennell v. Fulton, 241 Pa. 572; Edison Co. v. Power Co., 253 Pa. 457.

OPINION BY MR. JUSTICE KEPHART, January 3, 1928:

Plaintiff was engaged by oral contract as district sales manager for defendant, a corporation formed for

the purpose of marketing debenture bonds of the Community Finance Service, Inc. His contract gave him the exclusive agency for these bonds in Philadelphia and Reading, except as to sales to members of the family of Charles G. Mueller, vice president of defendant company, who lived in these districts. He was to receive fifteen percent of all sales in these places regardless of who made them, and, in addition, one share of the stock of the Finance Service, Inc., for every one hundred dollar bond sold. As agent and sales manager of the company, he supervised sales made by agents employed at his expense. Other sales, however, were made within his districts without his knowledge. An account of sales was made from time to time, and, in February, 1922, an oral settlement was had between the parties, plaintiff being paid $300. He then gave the following receipt: "In consideration of my receiving......Three Hundred Dollars ($300), I hereby release Finlaw, Mueller and Company from any further liability for commissions or any other compensation as of the day and date above stated." Thereafter, he continued to act as district sales manager until informed by the defendant in July, 1923, that his services were no longer required, since the Securities Act of 1923 had forced the company to stop selling bonds.

The principal question involved in this appeal is whether equity has jurisdiction to entertain the bill for accounting and discovery. This question must be determined from the face of the bill: Adams's Appeal, 113 Pa. 449, 455. Plaintiff's bill charged there were sales of bonds before February, 1922, not accounted for at the time of the oral settlement, and that he was induced to give the receipt above noted by false and fraudulent statements made with the intent to cheat and defraud him; and that sales were made since February that have never been accounted for. He further avers that he has no means of ascertaining the names of the persons who bought bonds, nor the net amounts of the

sales, since access to the books of the company has at all times been denied him; and that a fiduciary relation existed between himself and defendant. The bill also complained of defendant's failure to deliver the shares of stock to which plaintiff was entitled in the agreement.

Defendant contends that, under these averments, plaintiff has an adequate remedy at law, the accounting involved being unilateral, and no discovery was necessary. While the Practice Act of 1915 enables matters requiring an account to be determined at law, (Miller v. Belmont Packing & Rubber Co., 268 Pa. 51; Shaw v. Newingham, 279 Pa. 180), the remedy is not exclusive, but is concurrent with equity. The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction. The question is whether the remedy is adequate or complete: Edison Illuminating Co. v. Eastern Penna. Power Co., 253 Pa. 457, 465.

"The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are: 1. Where there are mutual accounts between the plaintiff and the defendant,—that is, where each of the two parties has received and paid on account of the other; 2. Where the accounts are all on one side, but there are circumstances of great complication or difficulties in the way of adequate relief at law; 3. Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account": Pomeroy on Equity Jurisprudence (4th ed.), p. 3368, sec. 1421. With the first class of cases enumerated above, we are not now concerned, since the account is here all on one side. We must determine whether the averments of the bill bring this case within either of the other classes.

Equitable relief will not ordinarily be granted where the account is all on one side: see Holland v. Hallahan, 211 Pa. 223; Graham v. Cummings, 208 Pa. 516, 532. But equity will take jurisdiction notwithstanding the

accounting is on one side where it is complicated: Holland v. Hallahan, supra. It must appear that the complications or difficulties in the way are such that adequate relief at law cannot be given. No satisfactory test can be laid down to determine when an account is sufficiently complicated to enable equity to take hold. In other jurisdictions, the rule has been established that an account must be so involved that the court would be incompetent to examine it with necessary accuracy. The same result would follow under our Practice Act, and each case must be decided under its own particular facts. But where the matter to be determined involves the accounts of different parties, to which debit and credit items attach and are intermingled, it can generally be held that a jury would not be qualified to state such an account. We might even go farther and say that equity will entertain jurisdiction where it is doubtful whether adequate relief could be had at law: Southampton Dock Co. v. Southampton, etc., Board, L. R. 11 Eq. 254, 260.

In the case now before us it does not seem to follow as a necessary consequence of the averments of the bill that the account would be unusually complicated, nor does it appear that there are real difficulties in the way of adequate relief at law. It is true, however, that plaintiff has made allegations of fraud, and these may be sufficient in connection with the other averments, to justify the decree of the court below: see Crennell v. Fulton, 241 Pa. 572; Lafean v. Caramel Co., 271 Pa. 276.

It has been stated that, where the accounts are all on one side, but a discovery is necessary, there is a proper basis for equitable jurisdiction: Graham v. Cummings, supra; 2 Beach on Modern Equity Jurisprudence, p. 902, sec. 839. The legitimate function of discovery is to furnish evidence; it is not the source of jurisdiction. Discovery cannot extend equitable jurisdiction to causes otherwise cognizable solely at law.

Where equitable jurisdiction exists, discovery may be an aid to its exercise: see Holland v. Hallahan, supra, at p. 226; Pomeroy on Equity Jurisprudence (4th ed.) p. 346, 348, secs. 225, 226. Pomeroy observes (p. 3372, sec. 1421, n3) that the rule seems to be applicable only to cases partaking of a fiduciary character. This brings us to a consideration of whether this case falls within the third class of cases enumerated above.

Where a well recognized fiduciary relation exists, as in the case of trusts or partnerships, it is clear that a bill for an accounting will be granted. Here, however, the relation between the parties is that of principal and agent, and, while it may partake of a fiduciary character (Leedom v. Palmer, 274 Pa. 22, 25), ordinarily it does not: Grace v. Moll, 285 Pa. 353. Consequently, the general rule is that the mere relation of principal and agent is not sufficient to warrant a decree for an accounting: King v. Rossett, 2 Younge & J. 33, 148 Eng. Rep. 820; Navulshaw v. Brownrigg, 1 Sim., N. S. 573, 61 Eng. Rep. 221; Hemings v. Pugh, 4 Giff. 456, 66 Eng. Rep. 785; Noxon v. Bright, L. R. 4 Ch. 292; Crothers v. Lee, 29 Ala. 337 (attorney and client); Coquillard v. Suydam, 8 Blackf. (Ind.) 24 (agency for a single transaction); Powers v. Cray, 7 Ga. 206. See also Long v. Cochran, 9 Phila. 267; Pomeroy on Equity Jurisprudence, p. 3370, sec. 1421, n3. But where the principal has reposed confidence in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction: Halstead v. Rabe, 8 Port. (Ala.) 63; Taylor v. Tompkins, 2 Heisk. (Tenn.) 89; Hale v. Hale, 4 Humph. (Tenn.) 183; Thornton v. Thornton, 31 Gratt. (Va.) 212; Makepiece v. Rogers, 11 Jur., N. S. 215; Hemings v. Pugh, supra; Mackenzie v. Johnston, 4 Madd. 373, 56 Eng. Rep. 742; Noxon v. Bright, supra; Southampton Dock Co. v. Southampton, etc., Board, supra. Where the bill, as in this case, is brought by the agent against his principal, there is usually no

duty to account, since as a general rule no trust or confidence is reposed in the principal: Padwick v. Stanley, 9 Hare 627, 68 Eng. Rep. 664; Smith v. Leveaux, 2 De Gex, J. & S., 46 Eng. Rep. 274; Nash v. Burchard, 87 Mich. 85; see also Bispham's Principles of Equity (10th ed.) p. 762, sec. 484. But where the effective working of the agency contract and the conduct of the parties necessarily imposes a trust relation on the principal, who is in receipt of a sum of money coming from numerous sources, as in a case where the agent's salary depends upon the profits, equity will order an accounting: Harrington v. Churchward, 3 Jur., N. S., 576; Shepard v. Brown, 4 Giff. 208, 66 Eng. Rep. 681; Buel v. Selz, 5 Ill. App. 116. The principle of these authorities clearly governs the case at bar. Plaintiff's compensation depended upon the total net sales made by defendant company within his districts. All matters concerning sales in that territory not made by plaintiff personally, or by his own agents, were entirely within the knowledge of defendant, which necessarily kept the accounts, and plaintiff was compelled to trust to the good faith of its officers. Under the circumstances, there was clearly a duty to account.

The remaining assignments of error raise many questions as to whether the agency was exclusive, and whether it covered Reading. The court below found the facts adversely to defendant, and, there being evidence to support the finding, the decision of the chancellor is final: Milford Borough v. Burnett, 288 Pa. 434, 442; Glen v. Trees, 276 Pa. 165. The receipt released defendant from any further liability for commissions or compensation as of February 16, 1922. It did not attempt to control future sales under the contract, and, under the facts as found, its efficacy as to commissions due on prior sales was destroyed. The contention that the future sales were to be at a fixed price, if not answered by the court below, may be properly considered

when the items come before the court for determination in the accounting.

Further complaint is made in regard to the decree of specific performance of the agreement to deliver shares of stock. This question was not argued in the court below, and is not properly before us.

The decree of the court below is affirmed at the cost of appellant.