Custis, Appellant, *v.* Serrill et al.

Argued January 28, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and MAXEY, JJ.

*Leo Belmont,* with him *A. Carson Simpson* and *Brown & Williams,* for appellant.—The court below erred in dismissing the bill as to defendant Quaker City Cold Storage Company: Gray v. Coal & Iron Co., 286 Pa. 11; Cumberland Valley R. R. Co.'s App., 62 Pa. 218.

The court below erred in certifying the bill, as to defendant, Serrill, to the law side of the court.

The mere fact that it is possible to have an account in assumpsit does not take away the jurisdiction of equity in such matters: Williams v. Finlaw, Mueller & Co., 292 Pa. 244.

Quite aside from the prayer for an accounting however, the bill alleges the fraudulent conduct of defendant Serrill: Wagner v. Fehr, 211 Pa. 435; Tibbens v. Burrell, 46 Pa. Superior Ct. 466; Barnhart v. Brown, 86 Pa. Superior Ct. 437; Steinmeyer v. Seibert, 190 Pa. 471.

*G. A. Troutman,* with him *J. W. McWilliams* and *Charles S. Wesley,* for appellees.—The Quaker City Cold Storage Company was improperly joined as a party defendant: Moore v. Hammond, 121 Fed. 759; Wetham v. R. R., 8 Phila. 92; Proprietor's S. Fund, Trustees, v. Heermas, 1 Kulp 469; Passayunk B. Assn., 83 Pa. 441.

Plaintiff has an adequate remedy at law against defendant, Horace P. Serrill: Alliance Films Co. v. Weiland, 27 Pa. Dist. R. 62; Alexander v. Sieber, 50 Pa.

C. C. R. 18; Pitts. & Connellsville R. R. Co.'s App., 99 Pa. 177; Holland v. Hallahan, 211 Pa. 223; Williams v. Finlaw, Mueller & Co., 292 Pa. 244.

OPINION BY MR. JUSTICE KEPHART, March 16, 1931:

The only question involved in this appeal is whether appellant's bill contains sufficient averments to sustain equity jurisdiction.

Custis, appellant, and Serrill, one of the appellees, entered into an agreement to erect a cold storage plant convenient to the Dock Street Market, Philadelphia, the plant to be later leased to a company which they would organize. The plan included an agreement with some railroad as a necessary incident to its success. Serrill and Custis were each to have a fifty per cent interest in the enterprise. Custis failed to induce the Pennsylvania Railroad Company to enter into the arrangement and the parties then determined to try the Baltimore & Ohio Railroad, the site for the plant to be selected by that company.

Custis opened negotiations with this company. Conferences were held with officials of the road at which Serrill admitted he and Custis were jointly interested in the matter. Later it was determined the negotiations should be conducted by Serrill, who was better informed in cold storage matters, and Custis notified the railroad officials at a conference with them that the lease and terminal agreements were to be taken in the name of Serrill. The project was finally approved by the parties, and a lease and agreement was executed by the railroad company to Serrill.

The bill then avers that Serrill fraudulently and surreptitiously appropriated the lease and contract to his own use and assigned it to the other defendant appellee, the Quaker City Cold Storage Company, a Pennsylvania corporation controlled by Serrill, who was an officer and majority stockholder. The lease was said to have had a value of $500,000.

When Custis became aware of the transfer, he endeavored to have his rights protected; but defendants refused to acknowledge his claim or recognize his interest. This bill was brought to compel the cold storage company to acknowledge this interest, to make a full accounting of the transaction between it and Serrill regarding the lease, to disclose the price paid for the lease and the profits under the lease. Serrill was asked to account for the profits made on the lease and to convey or procure the conveyance of appellant's one-half interest in the lease. The court below dismissed the bill against the cold storage company because there was no allegation, first, that it was a party to the fraud, second, that it was not a bona fide purchaser for value of the lease, and, third, that there was any contractual relation between the company and Custis. The action against Serrill was certified to the law side of the court.

If we assume appellant's statement of the facts to be correct, Custis had such an interest in the lease that would entitle him to ask for the conveyance of a one-half interest in possession of the cold storage company, if the latter had notice and there were no intervening equities. "It is a universal rule, that if a man purchases property of a trustee, with notice of the trust, he should be charged with the same trust......, as the trustee from whom he purchased": Perry on Trusts, volume 1, section 217, and cases there cited; Cameron v. Peoples' Bank of Maytown, 297 Pa. 551, 556. This rule applies to constructive as well as express trusts. Notice need not be actual. A purchaser is chargeable with notice of a trust where the facts and circumstances existing at the time of the purchase within his knowledge are such as would put a man of ordinary prudence upon inquiry and require him to make an investigation and he fails to do so: Trefts v. King, 18 Pa. 157. See Cameron v. Peoples' Bank of Maytown, supra. No particular kind of evidence is necessary to constitute notice: Cameron v. Peoples' Bank of Maytown, supra, 556. The averment

in the bill that Serrill controlled the cold storage company, as president and through a majority stock ownership, may not, standing alone, be sufficient to charge the company with notice of Custis' equity, because of intervening interests adverse to Serrill in stockholders and creditors. There may be other evidence, and there are sufficient averments of other matters in the bill, in addition to the allegation of notice, to require from the cold storage company a full disclosure of the transaction.

Appellant demands an accounting of the profits from the lease so that his one-half interest may be properly protected. Among the instances where an accounting in equity is proper are "where the accounts are all on one side, but there are circumstances of great complication or difficulties in the way of adequate relief at law"; and "where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account": Williams v. Finlaw, Mueller & Co., 292 Pa. 244, 247. While the mere purchase price may be a definite matter and with that as a basis the remedy at law might be adequate, appellant, if he shows ownership and notice, is not compelled to rely solely on purchase price. The facts in the account are in the possession of the company, and, because of the interrelation of the defendant with the subject-matter, adequate relief in this respect could not be properly afforded except through equity. The proper place to secure this information is from the party in whose possession it is lodged. Because the agreements were, with the approval of Custis, taken in Serrill's name, it does not necessarily follow that a decree can be entered against the company directing it to pay these profits to Custis. By so doing, Custis, to the prejudice of his interest, put it in Serrill's power to dispose of the agreements. Appellant may have been at fault in misleading a purchaser. We do not decide this. The accounting may be made the basis of a decree against Serrill for his unlawful

withholding of profits. Serrill may be ordered to pay these profits. In this aspect, technically, the company may not be a material party, but its presence as defendant will promote the convenient administration of justice. The bill as a whole shows that the plaintiff was entitled to recover something. See Gray v. Phila. & Reading Coal & Iron Co., 286 Pa. 11, 15. Whether the facts averred can be proved is another question.

The bill avers fraud and asks for discovery and these are sufficient for equitable jurisdiction even if we are mistaken as to the other matters which may be considered doubtful. Whether or not the remedy in equity is more efficacious, adequate, or convenient than an action of law, it is certain chancery always assumes jurisdiction in relief of fraud.

All the reasons urged by appellee's counsel against sustaining the bill will no doubt have great weight in the ultimate determination of the case. They include the rights of other shareholders and creditors, those of intervening parties, and the question of notice. The question of laches and whether or not Custis put it into the power of Serrill to do just what was done, is likewise important. The bill, while not as full and clear as it might be, contains sufficient averments to go to a hearing. The complaints are not so separate and distinct as to be objectionable. We do not agree that, from the pleadings, the legal relation between Custis and Serrill is that of a deal between purchaser and real estate broker, or that of agency. The case, on the pleadings, may be likened to one at law. Where a motion to dismiss a bill for insufficient pleadings is made and it is not clear whether they are objectionable on that account, but, because of the nature of the action, a broad inquiry into the facts should be made, the court should refuse to dismiss the bill in such doubtful cases and proceed to a full hearing. See Griffith v. Sitgreaves, 81* Pa. 378. The court below should have proceeded to

a hearing. Appellee's rights will be fully protected there.

The decree of the court below is reversed, the bill is reinstated, and the cause is remanded for further hearing. Costs to abide the determination of the case.