From William F. Schutte, Beaver Falls, Pa.

## Barr et al. v. Hipps et al.

*Edward T. Kelley* and *Liveright & Smith,* for complainants.

*Arnold & Smith,* for respondents.

FLEMING, P. J., forty-ninth judicial district, specially presiding, August 10, 1932.—This matter is before us upon preliminary objections to plaintiffs' bill under the provisions of Equity Rule 48. Of the seven reasons permitted under that rule it is to be observed that defendants do not complain (1) that the bill is defective for want of specifically named parties; nor (2) that all of the plaintiffs are not interested in all the causes of action set forth; nor (3) that the bill contains impertinent, irrelevant or scandalous matter specifically quoted; nor (4) that the facts are so insufficiently averred, specifying which thereof, that it is impossible for defendant to make an adequate answer to plaintiffs' claim; nor (5) that upon the facts averred plaintiff has a full, complete and adequate remedy at law. Plaintiffs' counsel, at oral argument, it is true, sought to raise some questions properly to be classified among the above reasons, but the preliminary objections raise but four objections to the bill, to wit:

1. That the averments of the bill are insufficient to entitle plaintiffs to any relief against the defendants.

2. That the plaintiffs, being preferred stockholders of the Curwensville Hosiery Mills, have no right to maintain the bill.

3. That the bill is multifarious.

4. That plaintiffs are not entitled to an accounting under the averments of the bill.

The second and fourth reasons are pertinent under subdivision (7) of Rule 48, "that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defence to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it." The third reason is in conformity with subdivision (3) of the rule and is quoted in almost the exact words of the rule in the objections filed. The first reason is not sustainable under the decision of Judge Martin in Goldstein v. Goldstein et al., 7 D. & C. 356, wherein it is held that an answer raising the question of the sufficiency of the averments of a bill is not within the purview of subdivision (7) of Rule 48: "That rule contemplates a defence to the claim and not an allegation of the weakness or insufficiency of the averments of the bill to sustain the action." Such an objection is, in form, a demurrer, and demurrers were abolished by Equity Rule 15.

In passing on preliminary objections to a bill in equity, the court is confined to the statements appearing in the bill and the determination as to whether they are sufficient to sustain a decree for the relief asked: Midland Borough v. Steubenville, etc., Traction Co. et al., 300 Pa. 134. Preliminary objections under Equity Rules 48 and 49 are analogous to an affidavit of defense raising questions of law, and the question to be decided is whether upon the facts averred it is clear as a matter of law that plaintiff is not entitled to the relief sought: Kolodychak v. Donora School District, 14 D. & C. 583. The question to be determined on preliminary objections to a bill in equity is not whether the bill is so clear in both form and substance as to entitle the plaintiff, without amendment, to proceed to trial, but whether, under the facts averred, it shows as a question of law that the plaintiff is not entitled to recover. Preliminary objections to a bill in equity cannot be based on matters extraneous to the matters contained in the bill. Equity Rule 48 must be construed in the same way as similar objections to plaintiff's statement of claim are construed under the Practice Act of May 14, 1915, P. L. 483: Douglas et ux. v. Clarke, 13 D. & C. 267.

A careful reading of plaintiffs' bill shows the substance of the complaint and the theory upon which relief is sought to be contained in paragraphs twenty-four to thirty-six inclusive. The complaint is that the defendants, by making a nominal bid at the sheriff's sale had upon the execution of the Curwensville State Bank, which nominal bid was made possible by what is equivalent to fraud upon the plaintiffs, have become and still are owners of valuable property, formerly assets of the Curwensville Hosiery Mills, Inc.; that the alleged fraud practiced was the representation by the defendants to the plaintiffs that such nominal bid was for the benefit of the stockholders of the Curwensville Hosiery Mills, Inc., and that the stockholders would be cared for after the sale and their rights safeguarded; and that the property is now held by the defendants for the use and benefit of the stockholders of the Erdman Hosiery Mills, a separate and distinct corporation. The relief sought is, principally, that a trust be impressed, by reason of such misrepresentation or fraud, upon such property purchased by the defendants as aforesaid, to the use of the plaintiffs instead of the stockholders of the Erdman Hosiery Mills.

The arguments of the learned counsel for the defendants appear to be based upon an entirely mistaken conception of the true nature of the complaint and the relief sought. He has quite ably argued upon a number of points which, if taken singly, and if the complaint and theory of relief were based upon each thus singly and alone, would cause his contentions to prevail. But the bill must not be considered in parts or upon individual theories as to what a single paragraph may contain, but must be read as a whole, with each averment considered in the light of the others. The bill does not seek preferences for preferred stockholders as against creditors or as against any other person for that matter; it does not seek to redress any wrong occurring within the corporate structure of the Curwensville Hosiery Mills, Inc.; it does not seek to set aside a sheriff's sale. It seeks to redress the rights of individuals growing out of an admitted overlapping of personal interests, complicated by the fiction of corporate identities and made uncertain by an exhibition of a superabundance of civic zeal so often based only upon the old theory that the end must always justify the means.

The fact that the actual word "fraud" does not appear does not change the rule. The substance of the complaint spells such word as plainly as if written. The plaintiffs say that, by reason of the statements of the defendant that their interests would be protected—not their technical interests as bondholders or preferred stockholders or otherwise, but their own personal, individual and financial interests—they were induced to permit the defendants to take this amount of valuable machinery and products at a nominal sum; that such representations were false and that their interests have been prejudiced thereby.

In Custis *v.* Serrill et al., 303 Pa. 267, 272, Justice Kephart says:

"The bill avers fraud and asks for discovery and these are sufficient for equitable jurisdiction even if we are mistaken as to the other matters which may be considered doubtful. Whether or not the remedy in equity is more efficacious, adequate, or convenient than an action of law, it is certain chancery always assumes jurisdiction in relief of fraud."

The learned justice later says:

"The case, on the pleadings, may be likened to one at law. Where a motion to dismiss a bill for insufficient pleadings is made and it is not clear whether they are objectionable on that account, but, because of the nature of the action, a broad inquiry into the facts should be made, the court should refuse to dismiss the bill in such doubtful cases and proceed to a full hearing. See Griffith *v.* Sitgreaves, 81* Pa. 378. The court below should have proceeded to a hearing. Appellee's rights will be fully protected there."

. The averments of misrepresentation, and the prayer for a decree impressing the property in question with a trust, make a full hearing in the instant case necessary. "The rule as to such [constructive] trusts applies not only to persons standing in a direct fiduciary position towards others, such as trustees, attorneys, etc., but also to those who occupy any position out of which a similar duty ought in equity and good morals to arise:" Bouvier's Law Dictionary (Rawle's Third Revision), 3329.

We are also of the opinion that the bill in this case is not multifarious. A bill to restrain eight defendants from trespassing on the plaintiffs' land does not violate the rule as to multifariousness: Roth *v.* Slabick et al., 69 Pitts. L. J. 609. Where the matters involved have a common origin a bill is not multifarious: McVey *v.* Dallmeyer et al., 68 Pitts. L. J. 244. Avoidance of multiplicity of actions is sufficient justification for a bill in equity to regulate the operation of a furnace and to restrain a landlord from proceeding with executions on

a judgment confessed on a lease: Schroder et al. *v.* Buchanan, 73 Pitts. L. J. 649. A bill is not multifarious in joining two causes of complaint growing out of the same transaction, where all the defendants are interested in the same right, or the relief sought is of the same general nature: Hershey et al. *v.* The Brotherhood's Relief and Compensation Fund et al., 9 D. & C. 167. And, again, in Custis *v.* Serrill, supra, we find Justice Kephart saying (page 272) :

"In this aspect, technically, the company may not be a material party, but its presence as defendant will promote the convenient administration of justice. The bill as a whole shows that the plaintiff was entitled to recover something. See Gray *v.* Phila. & Reading Coal & Iron Co., 286 Pa. 11, 15."

We are of the opinion that the use of the word "certain" in paragraph twenty-six of the bill is too vague and indefinite properly to protect the defendant in this matter and that the plaintiffs should be required to amend by designating these parties with precision.

And now, August 10, 1932, plaintiffs are directed to amend their bill as to paragraph twenty-six thereof by designating with precision those parties referred to in the original bill as "certain" parties, within ten days from this date. Upon compliance herewith and no objections being filed by defendants as to compliance with this order to amend within ten days after such amendment is filed, the matter shall be considered as having been relisted upon the argument list, the preliminary objections heretofore filed and discussed in the above opinion duly dismissed, and the defendants shall then be required to answer over in the manner prescribed by the equity rules.

From John M. Urey, Clearfield, Pa.