## Ream v. Johnstown Grocery Co.

*Frank R. Coder* and *Ernest F. Walker*, for plaintiff.
*Graham, Yost & Meyer*, for defendant.

GREER, J., February 9, 1940.—The problem before us in this case is whether the statutory demurrer to the claim of plaintiff should be sustained. The answer lies in whether or not the action in assumpsit is a proper one under the circumstances.

Plaintiff, in his statement of claim, avers that one Henrietta Pritts, as owner of a stock of merchandise in Somerset County, sold to defendant in bulk all her stock without having complied with the requirements of the Bulk Sales Act of May 23, 1919, P. L. 262; that at the time of the sale she was indebted to plaintiff in this action, John O. Ream; that plaintiff recovered a judgment

against her before a justice of the peace of Somerset County, issued execution thereon, and the constable returned "no goods"; that within 90 days from the time of the sale to defendant a transcript from the justice was delivered to an alderman in the City of Johnstown, directing him to attach the goods of defendant, Henrietta Pritts, in the hands of defendant, the Johnstown Grocery Company, as garnishee; that the sale of the merchandise aforesaid was in fraud of plaintiff as a creditor, and therefore void.

A reference to section 3 of the Bulk Sales Act, supra, reveals that failure to comply with its requirements renders a sale or transfer fraudulent and void, and that the purchaser at the suit of any creditor may be held liable to the creditors of the vendor as a receiver for the fair value of all the property so bought or sold by him.

Under the preceding Act of March 28, 1905, P. L. 62, it was held in Schmucker v. Lawler, 38 Pa. Superior Ct. 578, 580, that the remedy of the vendor's creditors is by seizure of the goods under an ordinary fi. fa.; that they have no remedy against the vendee by an attachment execution. The reason for this conclusion is thus stated:

"He bought and paid for it [the merchandise], and as between him and the seller it was his absolutely, but under the act of 1905 his title was liable to be defeated by the seller's creditors who were at liberty to disregard the sale and proceed against the property as if no sale had taken place . . . and this could be done by a writ of fi. fa. as in the case of any other goods subject to levy and sale. . .".

The Act of 1919, supra, is somewhat more specific, as appears from our quotation, and in the case of Miller v. Myers et al., 300 Pa. 192, it was pointed out by the late Mr. Justice Sadler that under the act the liability of the vendee is neither personal nor general, but the purchaser is merely made a receiver for the fair value of the property if he fails to comply with the provisions for preliminary notice. In that case plaintiff, Miller, became a credi-

tor of Myers on January 12, 1926. On that date the debtor disposed of all his assets in bulk, as agent for all defendants named. No notice of this sale was given as required by the Bulk Sales Act of 1919. Within 90 days a bill in equity was filed by Miller to compel the vendee to account to him in order that he might recover payment of his claim or part thereof, based on the value of the goods transferred and considering the total indebtedness. After preliminary objections overruled, answer filed on the merits, and hearing, the trial judge determined that the Bulk Sales Act had not been complied with, fixed the value of the goods transferred, and directed payment of plaintiff's demand. Thereafter, other creditors intervened, asking that the vendees be held as receivers for the actual worth of the property sold and that all having accounts due be allowed to share pro rata. In its final decree the court directed the fund be distributed to the creditors according to their respective proven claims.

In the case of International Shoe Co. et al. v. Duttenhofer et al., 120 Pa. Superior Ct. 102, a proceeding in equity was brought in the court below and the purchaser of goods in violation of the Bulk Sales Act was held liable as receiver for the fair value of the merchandise sold. While the main question there decided was whether or not failure to comply with the decree directing payment amounted to contempt, yet, incidentally, the procedure was recognized as the proper one.

In addition to the recognized remedy by a bill in equity, we are of opinion that a creditor may bring an action in assumpsit against the purchaser who has disregarded the Bulk Sales Act under section 11 of the Practice Act of May 14, 1915, P. L. 483, and compel defendant to account "as receiver" to plaintiff and any intervening creditors. It has been held that this section, enabling matters requiring an account to be determined by law, is not exclusive, but is concurrent with equity: Williams v. Finlaw, Mueller & Co., Inc., 292 Pa. 244.

Other citations might be used to give weight to the contention of counsel for defendant that equity is the proper remedy. We do not hold it, however, to be the sole remedy, but do decide that the remedy is not that attempted by plaintiff, and consequently the demurrer is sustained.

### Decree

And now, February 9, 1940, it appearing that the statement does not set forth a good cause of action and that there is no indication that plaintiff could state one if permitted to amend, the statutory demurrer is sustained, and judgment is hereby directed to be entered for defendant, the Johnstown Grocery Company.