## Wolfe v. Millers Garage, Inc.

*Clinton R. Weidner*, for plaintiff.

*William L. Sunday*, for defendant.

*John M. Eakin*, for *J. Robert Stauffer*, trustee in bankruptcy, intervenor.

*Tom H. Bietsch*, for sheriff.

SHUGHART, P. J., January 30, 1954.—On May 29, 1952, Robert W. Miller, hereinafter referred to as Miller, purchased from Millers Garage, Inc., certain property used by the corporation in the operation of a garage and service station, for the sum of $1,505. Four days later all of the goods purchased were levied upon by the Sheriff of Cumberland County by virtue of a writ of fieri facias issued on a judgment in which Glenn G. Wolfe was plaintiff and in which Millers Garage, Inc., was defendant. The judgment was in

the amount of $4,100, with interest from January 21, 1952.

After a property claim had been filed by Miller, the sheriff filed his interpleader on June 30, 1952 so that the ownership of the goods could be determined. On July 15, 1952, Miller filed an answer in which he set forth the sale of the goods to him by the corporation. In his reply, the lien creditor, Wolfe, admitted that a sale was made, as alleged by Miller, but as new matter alleged that the sale was fraudulent and void because it violated the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262, 69 PS §521.

In a counterreply to the new matter, Miller admitted: That at the time of the sale he neither asked for nor received from the seller a verified statement of the names and addresses of the creditors of the corporation before paying the purchase price; that the articles purchased constituted a substantial part of the assets of the corporation; that the sale was not made in the regular course of business; and that the business could not be properly conducted without the goods purchased by him. Miller neither admitted nor denied an allegation in the new matter that at the time of the sale he knew of the existence of numerous other creditors of the corporation.

After the sheriff made the levy, the corporation closed its doors and subsequently was adjudged bankrupt on petition of its creditors. Subsequently, on September 26, 1952, J. Robert Stauffer, Esq., was appointed trustee, and on November 24, 1952, he intervened in this action, on behalf of all creditors.

On July 2, 1953, the trustee in bankruptcy filed a motion for judgment on the pleadings. This is the matter now before us for disposition.

The Bulk Sales Act, supra (69 PS §523), provides that, for the failure to comply therewith, such sale "shall be fraudulent and void, and such purchaser,

. . . at the suit of any creditor, be held liable to the creditors of the said vendor as a receiver for the fair value of all the property so bought or sold by him".

It is conceded by counsel for claimant, Miller, that there was a failure to comply with the provisions of the Bulk Sales Act in the sale from the corporation to Miller, but he contends that the trustee is not entitled to judgment on the pleadings in this proceeding.

Counsel for Miller first contends that an action in assumpsit and the issuance of a writ of fieri facias are not proper proceedings in which to enforce the provisions of the Bulk Sales Act, but that enforcement must be by a bill in equity. In Miller v. T. I. C. Consumer Discount Co. et al., 69 D. & C. 585, 600, President Judge Sheely, of Adams County, said:

"The Act of May 23, 1919, makes no provision for procedure by which a creditor may seek to enforce the liability of the buyer who does not comply with the act. It merely provides that at the suit of any creditor the purchaser shall be held liable to the creditors of the vendor as a receiver. A bill in equity would be an appropriate procedure to enforce his liability: Osterweil v. Crean, 344 Pa. 465 (1952) ; International Shoe Co. v. Duttenhofer, 120 Pa. Superior Ct. 102 (1935). Under the Act of 1905 it was held that a writ of fieri facias against the goods was an appropriate procedure: Wilson v. Edwards, 32 Pa. Superior Ct. 295, 300 (1907) ; Schmucker v. Lawler, 38 Pa. Superior Ct. 578 (1909). There are undoubtedly other methods by which the legality of the sale and the liability of the purchaser might be determined. If the discount company had filed a bill in equity there could be no doubt that the property would have been distributed pro rata among all the creditors. Having elected to raise the question by a writ of fieri facias it should not be permitted to obtain a different result whereby it would be preferred over other creditors."

In that case as in this, the matter rose in the sheriff's interpleader proceedings. We concur in the view therein stated that the procedure was a proper one in which to enforce the provisions of the act.

Counsel for claimant next contends that the court should fix the fair value of the goods and the number and the amount of the claims. In this case claimant paid $1,505 for the goods. It can scarcely be contended by claimant, at this time, that the price was too high. The creditors do not ask for a judgment in any greater amount. Under these circumstances, the determination of the fair value of the goods has already been made: Miller v. T. I. C. Consumer Discount Company et al., supra. The determination of the number and amount of the claims of creditors must be carried out as a part of the bankruptcy proceeding.

Although the present action was originally instituted by Wolfe, under the provisions of the act it inures to the benefit of all of the creditors. As the action now stands, they are represented by the trustee in bankruptcy who is the party moving for judgment. It cannot be successfully contended that the other creditors can be adversely affected by a defense that may be valid against Wolfe alone. If there exists a valid defense to his claim as a creditor, it may be asserted to bar his claim at the time of distribution.

Section 13 of the Interpleader Act of June 22, 1931, P. L. 883 12 PS §2370, provides that, if title to the goods "be found not to be in the claimant, he shall pay all the costs of said proceedings, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court, . . ." There appears to be no evidence of fraud or bad faith on the part of claimant and we, therefore, will fix the counsel fee in the nominal amount of $50.

And now, January 30, 1954, at 11 a.m. (Eastern Standard Time) judgment be and is hereby entered

in favor of J. Robert Stauffer, Esq., trustee in Bankruptcy of Millers Garage, Inc., and against Robert W. Miller, in the amount of $1,505.

It is further ordered and directed that Robert W. Miller pay the costs of this proceeding and pay to Tom H. Bietsch, attorney for original plaintiff, Glenn C. Wolfe, a counsel fee of $50.