## Norelli v. Norelli

*Milton J. Goodman*, for plaintiff.

*Frank S. Poswistilo*, for defendant.

PALMER, J. December 17, 1962.—This matter is before us on defendant's preliminary objections to plaintiffs' complaint in equity.

The averments of the complaint are to the following effect. Michael Ralph Norelli and Bianca Norelli are husband and wife. Michael was an inmate in Allentown State Hospital from December 5, 1961, to July 21, 1962, during which time he was mentally ill and unable to manage his property. Prior to his admission to the hospital, he was the sole owner of a 1960 Studebaker automobile, Savings Account No. 4698 in the Easton Federal Savings and Loan Association, approximately 675 shares of Investors Mutual and six $1,000 United States Savings Bonds. While he was in the hospital, defendant, "by means of fraud and fraudulent representation and undue influence", induced him to assign to her title to the 1960 automobile, to assign to them both as joint tenants with right of survivorship, approximately 675 shares of Investors Mutual stock, to cause the entire balance in Savings Account No. 4698 in the Easton Federal Savings and Loan Association to be withdrawn and transferred to a new account (No. 15180) in both their names, and finally to redeem the six $1,000 United States Savings Bonds.

In the alternative, plaintiff avers that on or about May 3, 1962, defendant forged or caused to be forged Michael's name on the application card for Savings Account No. 15180 and also on the assignment of the Investors Mutual shares. On May 3, 1962, $5,305.28, being the entire balance in Michael's savings account, was transferred to Savings Account No. 15180 and between May 7, 1962, and June 4, 1962, defendant withdrew and appropriated to her own use the sum so transferred.

It is also averred, that when the $6,000 check payable to Michael arrived for the six $1,000 United States Savings Bonds, defendant persuaded and induced her incompetent husband to endorse the check and deliver it to her with the specific understanding that it would be deposited in his bank account, but that she cashed the check and appropriated the proceeds to her own use.

The complaint states that at the time the various papers were signed, Michael was weak minded and not possessed of sufficient mental capacity to understand the transactions and the consequences thereof, and he was unduly influenced and defrauded by defendant.

It is also stated that on May 18, 1962, defendant instituted a divorce action against her husband in the Court of Common Pleas of Northampton County.

Plaintiff seeks to set aside the various transfers and requests an accounting.

Defendant's preliminary objections are as follows:
*"Motion to Strike Complaint*

"1. The Complaint does not conform to law or rules of Court in the following particulars:

"(a) The Complaint violates Pa. R.C.P. No. 1019 (b), in that the averment of "fraud and fraudulent representations and undue influence" in Paragraph 8, and the averment in Paragraph 14(b) are conclusions of law, and the material facts constituting the alleged fraud are not set forth with particularity.

"(b) The Complaint is not verified as required by Pa. R.C.P. No. 2061 in that the verification attached to the said Complaint does not set forth the nature of the incompetent's incapacity.

"(c) The Complaint violates Pa. R.C.P. No. 2054-(b) in that it does not set forth a reference to the record of the Guardian's appointment.

"WHEREFORE, the Defendant requests that the Complaint be stricken because it is not in conformity to law.

*"Motion for More Specific Pleading*

"2. The Complaint is not sufficiently specific because:

"(a) The Defendant cannot ascertain from the Complaint the person or party who is the Plaintiff in the action. The caption of the Complaint sets forth that Michael Ralph Norelli is the Plaintiff, whereas Paragraph 1 of the Complaint sets forth that the Plaintiff is the First National Bank and Trust Company of Bethlehem.

"(b) The Complaint fails to aver with particularity the alleged fraudulent representations made by the Defendant and the nature of the undue influence exerted by the Defendant."

With respect to the objections in paragraphs 1(b), (c), and 2(a), plaintiff at argument asked leave to amend so as to obviate the defects in the complaint and leave is granted plaintiff to amend by substituting "Plaintiff's Guardian" for "Plaintiff" throughout the body of the complaint, to insert in paragraphs 2 after the word "County" the court number, "No. 1962-151" and, at the end of paragraph 2 to add the words "a weak minded person". Leave also is granted to add the words "the incompetent is a weak minded person" to the verification.

We address ourselves, therefore, to paragraph 1(a) and paragraph 2(b) of the preliminary objections. They will be considered together.

Pennsylvania Rule of Civil Procedure 1019(b) requires averments of fraud to be pleaded with particularity. With respect to this requirement the authors of Goodrich-Amram state (§1019(b)-1):

"Prior practice is continued in the requirement that fraud and mistake must be 'averred with particularity'. A bald allegation of fraud is merely a legal conclusion. A detailed statement of the facts sustaining it is required. However, the establishment by the pleading of a confidential relationship will make unnecessary further specification of fraud.

"The use of the actual word 'fraud' is unnecessary if the factual averments, if proven, would establish the fraud.

"This need for particularity makes it very difficult to draw the line between 'fact' and 'evidence'. It justifies considerable latitude in the pleadings and permits the inclusion of matters which might otherwise be considered impertinent . . ."

Defendant contends the complaint violates Pa. R. C. P. 1019 in that while it alleges fraud and fraudulent representations, it fails to set forth the nature of the fraud or fraudulent representations with particularity.

Plaintiff, on the other hand, argues the averments do not violate the rule since an allegation of forgery is sufficient allegation of fraud; that the allegation that plaintiff was a weak minded person unable to understand the transactions and the consequences thereof when added to the other allegations in the complaint, including forgery, set forth a sufficient statement of the facts upon which the claim of fraud is based; and finally that in any event a plaintiff is not to be required to plead facts within the personal knowledge of the defendant and the fraud, and misrepresentations, if any, are clearly within the knowledge of the defendant.

While not argued in his brief, plaintiff also contended in his oral argument that a confidential relationship existed between the parties which took the complaint outside the requirements of Pa. R. C. P. 1019 (b).

In resolving the problem here presented, we have taken into consideration the following language in Gallagher v. Merry, 366 Pa. 258, 261:

"It is more desirable, when fraud is charged, to pass upon the merits of the cases rather than to rely upon technicalities of pleading. As was said by Justice Kephart (later Chief Justice) in Custis v. Serrill et al., 303 Pa. 267, 272, 154 A. 487: 'Where a motion to dismiss a bill for insufficient pleadings is made and it is not

clear whether they are objectionable on that account, but, because of the nature of the action, a broad inquiry into the facts should be made, the court should refuse to dismiss the bill in such doubtful cases and proceed to a full hearing . . .' "

The instant complaint falls within the category referred to by Justice Kephart.

We are persuaded that when all of the facts pleaded are considered together the complaint is sufficient. Thus at the time of the transactions plaintiff and defendant were husband and wife, a relationship in which the morals of the market place do not determine the mutual undertakings of the parties but rather a relationship which presupposes mutual trust and confidence, particularly where, as here, one of the parties, in this case the husband, was an inmate of a mental institution and was allegedly so incompetent as not to understand and comprehend the true import of the acts by which he was stripped of his possessions. There are in addition, allegations of forgery.

This preliminary objection is therefore denied and dismissed.

In view of this disposition of the case, it is unnecessary to consider the argument of plaintiff to the effect averments of fraud need not be pleaded with particularity in cases in which the parties are in a confidential relationship. The law with respect thereto is discussed in Null's Estate, 302 Pa. 64, 68-69, and Moffa v. Moffa Shoe Shop, Inc., 1 Bucks 105.

### Order of the Court

And now, December 17, 1962, defendant's preliminary objection to the effect plaintiffs' complaint in equity fails to plead fraud with sufficient particularity is denied and dismissed. Plaintiff is given leave to amend his complaint in accordance with the foregoing opinion within 20 days from the date hereof.