744

**Auction City, Inc. v. Hostetter**

*Harvey Robinson*, for plaintiff.
*Stewart McConnel*, for defendants.

KLEIN, J., January 3, 1973.—We have before us defendants' preliminary objections. One is in the nature of a demurrer and the other a motion for a more specific complaint.

This is an action in equity for an accounting by a corporation, acting through its president, against two defendants, a husband and wife who are treasurer and secretary, respectively, of said corporation.

The nature of the proceedings itself is an averment that plaintiff is not in possession and control of the pertinent facts and that defendants are in control of the contested data. Defendants are well aware of what they will be required to meet at the trial and require no more specific information. For that reason the motion for a more specific complaint will be denied.

The main thrust of the demurrer is that the affiant was without authority or interest such as to support the filing of the complaint. It also includes an allegation of laches which may be raised by preliminary objections in an equity suit: Pennsylvania Rule of Civil Procedure 1509.

However, we can make no decision with respect to laches from the contents of the complaint. The allegation concerns a continuing matter which began in 1963 with the clear indication that the wrong alleged persists to this date. Said Rule 1509 also provides that laches may be raised by answer and that is the form it must take in this case.

Under the circumstances of this case, the corporate president has authority to institute a law suit in the name of the corporation against other corporate officers without seeking approval of the board of directors. See Sunshine Packing Corp. v. Commonwealth of Pa., 45 Erie 231 (1961); and, O'Neal, Close Corporations, vol. 2, §8.06.

The demurrer also includes an objection raising the availability of an adequate remedy at law.

The Pennsylvania Business Corporation Law provides that officers shall be deemed to stand in a fiduciary relation to the corporation: Act of May 5, 1933, P. L. 364, 15 PS §1408, as amended. Therefore, equity has, at least, concurrent jurisdiction.

In 1 P. L. Encyc., Accounts §24, the following is set forth:

"As has been noted, equity will not take jurisdiction over an accounting proceeding where an accounting may be obtained at law or when the plaintiff has some other remedy at law, *but it will take jurisdiction where the case has characteristics bringing it within the traditional jurisdiction of equity*, or where the law affords inadequate relief.

"*An action for an accounting may be maintained in equity where it appears that a fiduciary relation exists between the parties*, particularly where fraud is involved, where there are mutual accounts rendering the computation complicated, *or in other cases where the computation is complicated, even though the accounts are unilateral.* Further, it has been held that equity may assume jurisdiction where it may avoid a multiplicity of actions, where fraud or misrepresentation is involved, where there has been mistake in the dealings of the parties, *and where the nature of the transaction has been such that necessary information is wholly in the possession of the defendant.*" (Italics supplied.)

See also, Williams v. Finlaw, Mueller & Co., Inc., 292 Pa. 244 (1928); Vertol Aircraft Corp. v. Norristown Mfg. Corp., 75 Montg. 249 (1958); and Stengel v. D. J. Parr, Inc., 9 Lebanon 362 (1964).

## ORDER

And now, January 3, 1973, for the reasons stated in

the foregoing opinion, it is hereby ordered, adjudged and decreed that defendants' preliminary objections to plaintiff's complaint be and they are hereby over-ruled.

Leave is granted to defendants to file an answer containing new matter within 20 days from the date of this order.