## Costantini v. C & O Builders, Inc.

*Anthony L. V. Picciotti,* for plaintiff.
*Joseph I. Diamond,* for defendant.

DEFURIA, J., January 22, 1975.—Defendant has filed preliminary objections to plaintiff's complaint in equity on two grounds:

First, that equity does not have jurisdiction because there is an adequate remedy at law.

Second, that certain allegations of the complaint improperly contain evidentiary matter.

Plaintiff and one Albert Ostrich were the sole shareholders of defendant corporation, whose business is

(residential) construction and sales. Plaintiff and Ostrich, by a written contract, agreed to pay a certain cash amount and one-quarter of the profits from the sale of a residence then under construction in return for a transfer of plaintiff's shares to the corporation.

When the residence was completed and sold for $97,500, plaintiff was informed that no profit was made, and a list of costs and expenses was given to plaintiff.

This suit followed, wherein, inter alia, plaintiff asks for an accounting. Defendant claims that the suit is based upon an alleged breach of contract, and an accounting at law, with further discovery, would give plaintiff an adequate remedy.

We do not agree. Plaintiff avers that the "list" of costs supplied by defendant is incomplete and inadequate, and that defendant has within its possession and control all records of the construction. Anyone concerned with the business of "building" as owner, seller, buyer or investor knows how intricate, complicated and complex the items claimed as expense can be.

The items on defendant's list do not list all payees, the work is not described, the rate of "wages" not specified, nor are materials identified.

An accounting at law would not clarify any of the items shown, nor reveal items not disclosed. Plaintiff would then be relegated to long and expensive discovery in order to call in alleged payees and materialmen. Finally, at trial, plaintiff would have to accept defendant's explanations without opportunity of prior inspection or check.

Since plaintiff alleges that the costs are not true and correct, an implication of misrepresentation remains. "Equitable jurisdiction is grounded upon . . . complicated accounts, or where the ascertainment of the

balance due requires the elasticity that equitable procedure furnishes.": 2 Goodrich Amram, §1530(a)-2.

Where the accounts are all on one side, but there are circumstances of great complication or difficulties in the way of adequate relief at law, then the legal remedy is neither adequate nor complete: Williams v. Finlaw, Mueller & Co., Inc., 292 Pa. 244 (1928); Custis v. Serrill, 303 Pa. 267 (1931).

As to the charge of improper pleading of evidence, the paragraphs of the complaint in question, 7 through 13, sufficiently plead facts, although some evidential material appears in paragraph 7, which, in essence, merely avers that defendant said it had lost about $1,000 on the transaction. Paragraph 10 is conclusory, but does aver that defendant's costs are inflated and incorrect.

Defendant may protect itself by proper answers under our rules of pleading.

Wherefore, we enter the following

### ORDER

And now, January 22, 1975, defendant's preliminary objections are overruled and dismissed, and defendant is directed to answer plaintiff's complaint sec. leg.