

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-24-2008

# In Re: Brockaway

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Brockaway " (2008). *2008 Decisions*. Paper 44.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/44

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2858
_____

IN RE: BROCKAWAY PRESSED METAL, INC.,

Debtor

EYNON ASSOCIATES, INC.,

Appellant

v.

LASALLE BANK NATIONAL ASSOCIATION;
GENERAL MOTORS CORPORATION; BORGWARNER TORQ
TRANSFER SYSTEMS, INC.; DELPHI CORPORATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-00563)
District Judge: Honorable Terrence F. McVerry

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on December 8, 2008

Before: MCKEE, SMITH AND ROTH, <u>Circuit Judges</u>

(Opinion filed: December 24, 2008)

_____

OPINION

_____

McKee, J.

Eynon Associates, Inc. appeals the district court's order affirming the bankruptcy court's denial of Eynon's claim to funds held by LaSalle Bank. For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not repeat the procedural or factual history except insofar as may be helpful to our brief discussion.

Eynon argues that it is entitled to the disputed escrow funds pursuant to its contract for sales commissions with the debtor, Brockway Pressed Metals, Inc. According to Eynon, the disputed funds are impressed with either an express or constructive trust for that portion of Brockway's receivables equal to the commissions Eynon earned on products that it sold and delivered to certain of Brockway's customers.

In a Memorandum Opinion dated March 30, 2007, Hon. Thomas P. Agresti, explained why Eynon had not established the existence of a trust. In affirming the bankruptcy court's order denying relief, the district court agreed that Eynon "faile d to demonstrate two of the four required elements [of a trust] - intent to create a trust and the existence of an identifiable res." App. 6. The district court concluded that "the series of

2

commission agreements between the parties do not constitute 'trust' documents." App. 7. The court rejected Eynon's reliance on *Williams v. Finlaw, Mueller & Co.,* 141 A. 47 (Pa. 1928), concluding, counsel was "skating close to the bounds of their duty of candor. . .," by misstating the holding of *Williams. . .".* The bankruptcy court believed that *Williams* counseled against finding a trust had been created, and the district court concluded that "[t]he Bankruptcy Court's analysis of *Williams*, was correct." App. 4.

The district court also correctly affirmed the bankruptcy court's rejection of the theory of a "constructive trust" because "no unjust enrichment had occurred." *Id*., (citing *Yohe v. Yohe*, 353 A.2d 417, 420-21 (Pa. 1976)). Thus, establishing a trust over the disputed funds "would have the effect of giving Eynon preferential treatment in the bankruptcy proceeding." App. 5.

We can add little to the thorough and thoughtful discussion of the bankruptcy court, or the district court's explanation of why the bankruptcy court properly rejected Eynon's claim for relief.

Accordingly, we will affirm substantially for the reasons set forth by the bankruptcy court and the district court.