OPINION
McKEE, J.
Eynon Associates, Inc. appeals the district court’s order affirming the bankruptcy court’s denial of Eynon’s claim to funds held by LaSalle Bank. For the reasons that follow, we will affirm.
Inasmuch as we write primarily for the parties who are familiar with this case, we need not repeat the procedural or factual history except insofar as may be helpful to our brief discussion.
Eynon argues that it is entitled to the disputed escrow funds pursuant to its contract for sales commissions with the debt- *115 or, Brockway Pressed Metals, Inc. According to Eynon, the disputed funds are impressed with either an express or constructive trust for that portion of Brock-way’s receivables equal to the commissions Eynon earned on products that it sold and delivered to certain of Brock-way’s customers.
In a Memorandum Opinion dated March 30, 2007, Hon. Thomas P. Agresti, explained why Eynon had not established the existence of a trust. In affirming the bankruptcy court’s order denying relief, the district court agreed that Eynon “failed to demonstrate two of the four required elements [of a trust] — intent to create a trust and the existence of an identifiable res.” App. 6. The district court concluded that “the series of commission agreements between the parties do not constitute ‘trust’ documents.” App. 7. The court rejected Eynon’s reliance on Williams v. Finlaw, Mueller & Co., 292 Pa. 244, 141 A. 47 (1928), concluding, counsel was “skating close to the bounds of their duty of candor ...,” by misstating the holding of Williams ...”. The bankruptcy court believed that Williams counseled against finding a trust had been created, and the district court concluded that “[t]he Bankruptcy Court’s analysis of Williams, was correct.” App. 4.
The district court also correctly affirmed the bankruptcy court’s rejection of the theory of a “constructive trust” because “no unjust enrichment had occurred.” Id., (citing Yohe v. Yohe, 466 Pa. 405, 353 A.2d 417, 420-21 (1976)). Thus, establishing a trust over the disputed funds “would have the effect of giving Eynon preferential treatment in the bankruptcy proceeding.” App. 5.
We can add little to the thorough and thoughtful discussion of the bankruptcy court, or the district court’s explanation of why the bankruptcy court properly rejected Eynon’s claim for relief.
Accordingly, we will affirm substantially for the reasons set forth by the bankruptcy court and the district court.